No. 3649.—STATE OF LOUISIANA ex rel. THE BOARD OF SCHOOL DIRECT-
ORS of the parish of Bossier v. THOMAS W. CONWAY, Superinten-
dent of Public Education.

A judgment of a court making a writ of mandamus peremptory is a final judgment which
can not be vacated or set aside by the judge *a quo* on a rule taken by the defendant in
mandamus. Such judgment can only be annulled on appeal or by direct action of nullity.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble*, J.
*Dennee & Belden*, for relators. *E. Filleul*, for respondent.

TALIAFERRO, J. In this case a peremptory mandamus was issued
to the defendant by the Eighth District Court of New Orleans com-
manding the defendant to register and file certain bonds tendered by
the treasurer of the Board of School Directors of the parish of Bossier
and to issue to the Auditor of Public Accounts and to the treasurer of
the State the proper certificates according to law. He was further

State ex rel. Board of School Directors parish of Bossier v. Conway, Sup't Public Education.

ordered to recognize Lambert W. Baker, J. W. Walker, William M. Griffin, J. K. O'Neal and B. F. O'Neal as the persons legally constituting the Board of School Directors of the parish of Bossier.

No appeal was taken from this order, rendered on the seventeenth of October, 1871. On the seventh of December following the defendant Conway took a rule on the relators to show cause on the twelfth of that month why the order previously rendered against him at the instance of the relators should not be vacated and annulled. The relators excepted to the proceeding to annul the judgment or order making their mandamus peremptory by the summary proceeding by rule. On the trial of this rule the court sustained the motion to set. aside and vacate the order, and from this judgment, annulling the peremptory order of the seventeenth of October, 1871, the relators. have appealed. We think the judgment erroneous. The order is a final decree or judgment. We regard the summary proceeding on motion "to quash and vacate" a formal judgment of the court as anomalous and not in harmony with the jurisprudence of the State.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, purporting to annul and set aside the peremptory order of the seventeenth of October, 1871, be annulled, avoided and reversed. It is further ordered that the defendant pay costs in both courts.