Hinnricks vs. Monteleone.

Rehearing refused.

---

No. 13,129.

## J. H. HINNRICKS VS. A. MONTELEONE.

### SYLLABUS

1. It appears by the statement of facts that relator consented to pay for the work done by the workman, in whose favor judgment was pronounced, after the loss of his house, which rendered useless the completion of the work (*almost complete at the time of the accident*).

The District Court and Court of Appeals, upon the state of facts shown, decided that the workman was not at fault. This court found no ground to grant an application to review the proceedings.

IN RE A. Monteleone applying for *certiorari,* or writ of review, to the Court of Appeals, Parish of Orleans, State of Louisiana.

*A. Voorhies* for Petitioner.

Respondent judges for themselves.

Submitted March 28, 1899.
Opinion handed down April 3, 1899.
Rehearing refused April 1, 1899.

The opinion of the court was delivered by

Breaux, J.   Relator, in substance, sets forth that a judgment of the Court of Appeals, affirming a judgment of Division D. of the Civil District Court, is eroneous on a number of grounds, and he asks that a writ of *certiorari* be issued to the Court of Appeals, directing that court to transmit to this court, the whole record of the suit of J. H. Hinnricks vs. A. Monteleone for review and decision of questions of law; and further, to pass upon all facts involved as in the case of an appeal to the Supreme Court.

The grounds of the relator are that the Court of Appeals overlooked, or practically overruled, the opinion rendered in Hart vs. Suez, 9th La., 434, which decision properly interpreted Articles 2758 and 2759 of the Civil Code.   The first article of the Code cited, reads: "When the undertaker furnished the material for the work, if the work be destroyed, in whatever manner it may happen, previous to its being delivered to the owner, the loss shall be sustained by the undertaker, unless the proprietor be in default for not receiving it."   There can be no considerable dispute about the law, as it is plain.   Relator contends that his case comes within its terms.   This, on the other hand, is practically answered in a contrary sense by the pleading before us and the statement of facts.

With reference to the statement of facts, we find that plaintiff and defendant, having failed to agree, the district judge made it up under Article 603, C. P. (as a deposition had not been taken in writing).

This statement now before us sets forth that relator agreed to pay the sum of $480 for a show case made at plaintiff's factory; that on the 28th of October, 1891, the show case was set as agreed upon, and there remained only the glass to be fitted in; that the glass was in a box on the premises in sizes to suit, and the fitting in could have been done in two hours; that a fire occurred, damaging defendant's building, doing no damage however to the show case or to the glass. On the day after the fire, plaintiff offered to put the glass in place, but defendant told him not to do so, and that the bill would be paid. The city authorities, finding defendant's building unsafe, ordered its demolition; it was done, and the relator secured the full amount of his insurance on the building.   When plaintiff offered to prove the value of the show case, the defendant (relator here) admitted that he did not rest his defense on Article 2765 of the Civil Code; that plaintiff should either recover all he claimed, or recover nothing; that this

57

was made as a matter of admission in his argument during the trial. The glass, which was packed in a box, was removed away from the premises, as defendant refused to take care of it. In a few days it was carried to Hinnrick's factory, but he notified defendant, Monteleone, that he held it subject to his orders. Subsequently this glass was destroyed by fire in plaintiff's factory.

The case of Monteleone vs. Royal Insurance Company, 47th Ann., 1563, in which case the court decreed the insurance money for the house in which the show case was erected, was made part of the statement of facts to prove that Monteleone collected the policies of insurance on the building. This statement is signed by the district judge, by whom it is made

From the foregoing it is manifest, first, by the effect of the consent, and, second, by the evidence and the theory on which the case was argued, relator's case was taken out entirely from the application of the quoted article.

If the facts be, as stated, the matter was one of consent on the part of Monteleone. He consented to pay plaintiff the two hours due on the work.

The statement of facts was made under the authority of law. No objection appears of record, and no bill of exception was taken. We would not be warranted in remanding the case to ascertain in what respect an error of fact might have been committed. The matter, in our judgment, is finally settled. Relator has had his day in court. In order to have another here we would have to treat, as not written, the statement of facts accompanying his application. This we are constrained to decline. Again, relator avers that in preparing a statement of facts (counsel disagreeing) the judge a quo found upon the isolated statement, showing Monteleone's consent to pay for the work, was in direct conflict with plaintiff's judicial admission in both petitions, and against the insertion of which, in the statement of facts, he was powerless; that the Court of Appeals, disregarding all the proceedings, found as an additional ground for affirming the judgment of the District Court that Monteleone particularly promised to pay the amount of plaintiff's claim. From this it appears that the Court of Appeals had accepted the statement of facts made out in the District Court as correct.

We must say, in answer to this petition, that we have not found great conflict between the statement of facts and the allegations of

plaintiff's petition (relator here).    The allegations of Hinnricks, which relator says are contradicted by the statement of facts, are, in substance, that Monteleone forbade him (Hinnricks) from finishing the work, and refused to pay him.    This would not necessarily be in conflict with evidence showing that, at some prior time, Monteleone had stated to Hinnricks that he would pay for the work as a whole, and not to finish it.    Besides, the judge having, in fact, certified that Monteleone consented to pay for the work in the absence of any evidence of objection to the proof, we are warranted in concluding that there was no conflict, and that the evidence was admitted without objection.

Relator was not without some remedy in the District Court, and if the statement of facts was erroneous, there should be something before us to show that objection was timely made before the District Court.    There is here nothing of the sort:

Returning to our first proposition in answer to relator's complaint of the contradiction between the statement of facts prepared by the district judge, and Hennrick's admission contained in his petition, we heretofore copied the asserted admission as decided by the relator. The admission, if it be one, must be taken as a whole.    It reads:

"That on the evening of said fire, the said Monteleone requested petitioner not to go on with the work of putting in the plate glass for some days; and, finally, say about the end of November, your petitioner having offered to put in said plate glass and finish his work under contract, the said Monteleone forbade him to finish the work, and refused to pay him the amount contracted for."

Taken as a whole, it may well be that, at some time, Monteleone promised to pay for the work, and after "he forbade him to finish the work and refused the amount contracted for."

It does not follow that there was necessarily a contradiction, and the evidence having been admitted, so far as the record discloses, and the pleadings, without objection, a ground does not arise here upon which we can reverse the judgment.

The application is not granted, and the petition is dismissed.

Monday, April 17th, 1899.    Rehearings in this class of cases are not admissible under the rules of this court.