116   776<br>s117  106

(41 South. 89.)

No. 16,063.

In re JONES.

In re MITCHELL.

(April 9, 1906.)

INSANE PERSONS — INTERDICTION — APPOINT-
MENT OF CURATOR—APPEAL.

Article 404 of the Civil Code is not necessarily in conflict with article 395 of that Code, and is not with article 580 of the Code of Practice.

(Syllabus by the Court.)

In the matter of the interdiction of R. H. Jones. Application of James R. Mitchell for writs of certiorari and mandamus to the judge of division B of the district court. Writ denied.

Carroll & Carroll and Richardson & Soulé, for relator.

BREAUX, C. J. Plaintiff asks for writs of certiorari and mandamus to go to the judge of division B of the district court in the matter of the interdiction of Mrs. H. R. Jones, compelling him to render an order upon relator's petition for a family meeting for the purpose of appointing suitable persons as curators and undercurators for Mrs. Jones.

The respondent judge answered the application and gave grounds for refusing to

grant the order in question. Originally, when the application of relator came up, accompanied by the answer of the respondent judge, both application and the answer were considered.

The court considered that there was ground sufficient to decline to issue the writs.

After that relator filed a second application requesting the court to reconsider its action, and relator filed a brief therewith.

Although this court held in Hinnricks v. Monteleone, 51 La. Ann. 899, 25 South. 546, that rehearings in this class of cases are not admissible under its rules, yet, as the interest of an interdict was involved, the court chose to consider the questions anew.

We will state at this time that an administrator pro tempore had been appointed and is still discharging the functions of that trust.

We will also state that a judgment of interdiction was rendered in the district court interdicting Mrs. Jones.

From this judgment she has taken an appeal. The cause is before this court. We do not think we should issue orders to appoint a curator and undercurator while the question of interdiction is sub judice.

The Code directs that if there is no appeal from the judgment of first instance, or that if there is an appeal, then within a month from the judgment, it shall be the duty of the judge to appoint a curator.

See article 404 of the Civil Code.

The duties of the administrator pro tempore after the curator will have been appointed will be at an end, and he shall then render an account.

Relator's contention is that the interdiction as pronounced should be provisionally executed, notwithstanding the appeal.

Relator says that, if the judgment is not to be executed, article 395 upon the subject becomes a dead letter.

On the other hand, we shall say, for it is very evident, if the provisional execution must take place and a curator appointed pending the appeal, that in that case article 404 of the Civil Code will be a dead letter.

As construed by relator the articles are inconsistent. Article 395, Civ. Code, orders that provisional execution should take place. On the other hand, article 404 delays the appointment pending the appeal. The inconsistency is more apparent than real.

The positive terms of article 404 are controlling touching the appointment of a curator and an undercurator, and it then follows that there is no inconsistency.

The judgment is to be executed provisionally, as required by article 395; that is, the interdict is subject to the disabilities laid down in the judgment. The only exception to its execution is that laid down in article 404, which is positive, and not to be misunderstood, regarding the appointment of a curator and undercurator. Neither of the articles is then a dead letter. Both are to be enforced.

The relator cites article 580 of the Code of Practice.

In our view the article cited is not pertinent to the issue and does not have the effect of repealing article 404. This article of the Code of Practice provides that the appointment of a curator should be executed provisionally; that he should exercise the functions of his trust despite an appeal.

In the case here, as there has been no appointment, the necessity for his acting does not arise, and no appeal can be taken from an order appointing him, inasmuch as he has not been appointed.

Furthermore, the judge of the district court informs us that proper care is taken of the person of the interdict and that there is no necessity for the appointment of a curator and undercurator until after the rendition of a final judgment.

In the Leech Interdiction Case, 45 La. Ann. 194, 12 South. 126, we said that which has here application in part at least, viz.:

"The law having specially intrusted the district court with the duty regarding persons interdicted, we will not disturb the judgment."

For reasons stated, the court declines to issue the order asked, and declines to recall the judgment heretofore rendered, dismissing relator's petition and his demand.