(42 South. 195.)

No. 16,299.

STATE ex rel. UNION SAWMILL CO. v. SUMMIT LUMBER CO. et al.

In re UNION SAWMILL CO.

(Nov. 3, 1906.)

1. COURTS—SUPREME COURT—SUPERVISORY JURISDICTION.

A litigant cannot as matter of right call upon this court to exercise the power of control and general supervision over inferior courts confided to this court by article 94 of the Constitution. This court will exercise or not this power in any particular case in its wise discretion.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 613.]

2. SAME—REHEARING.

Applications for rehearing are not entertained on orders granting or refusing to grant a rule nisi on an application for a mandamus.

(Syllabus by the Court.)

Action by the Union Sawmill Company for writ of mandamus to the Summit Lumber Company and others. Writ denied.

E. Tyler Lamkin (Farrar, Jonas & Kruttschnitt, of counsel), for relator.

On Rehearing.

PROVOSTY, J. The ex parte application of the relator for a mandamus was denied by one of the justices of this court, and was so denied without any assignment of reasons; and when, within the delay for rehearing, relator sought to apply for a rehearing, his attention was called to rule 12 of this court (28 South. iv), which reads as follows:

"When a writ of review, or mandamus, or prohibition, or certiorari, or other remedial writ, has been applied for and considered and denied by the court, the same shall be final, and no application for rehearing will be entertained."

We will here state, though not material, that the justice who acted upon relator's application did so only after consultation with all the members of the court.

The learned counsel for the relator have asked for a rehearing, notwithstanding said rule, and filed a brief in which they assail the legality of said rule, and also complain of the failure of the justice who denied the application to give the reasons of his action.

The contention is that the refusal of this ex parte application for a mandamus is a judgment, and therefore is open to review by rehearing, and should have been accompanied by the reasons upon which it is founded, as by articles 91 of the Constitution and 909 of the Code of Practice is required of all definite judgments.

The argument of the learned counsel for relator is that a mandamus proceeding is a suit, or action at law, in which a right is asserted, and which is instituted and prosecuted as matter of right, and is determinable only by judgment, which judgment constitutes res judicata (citing Kendall v. U. S., 12 Pet. [U. S.] 615, 9 L. Ed. 1181, Kendall v. Stokes, 3 How. [U. S.] 100, 11 L. Ed. 506, 833, Com. of Ky. v. Dennison, 24

STATE v. SUMMIT LUMBER CO.

How. [U. S.] 97, and Dement v. Rokker, 126 Ill. 174, 19 N. E. 39), and that it is the settled jurisprudence of this court that such a judgment stands on the same footing as an ordinary judgment, in respect of being reviewable only in the modes prescribed by the. Code of Practice, and of not becoming final until after the expiration of the delay for rehearing (citing State ex rel. School Board v. Conway, 24 La. Ann. 132; State ex rel. Newman v. Judge, 32 La. Ann. 210; State ex rel. Gerson v. Richardson, 37 La. Ann. 261).

If the first proposition of this argument were conceded, that a mandamus suit is instituted and prosecuted as matter of right and is determinable only by a judgment, this would be true only of an ordinary mandamus suit in a court of original jurisdiction, and would not be true of an application to this court for a mandamus. As a matter of right, a litigant may apply to the appellate jurisdiction of this court; but an application for a mandamus does not address itself to this appellate jurisdiction, but to the power of control and general supervision over inferior courts conferred upon this court by article 94 of the Constitution. And that power, from its very origin in the Constitution of 1879, has been held to be a purely discretionary jurisdiction—not such as a litigant may set in motion as a matter of right by the mere filing of a petition, but confided by the Constitution to this court, to be exercised or not as its best judgment may dictate. New Orleans v. Judge, 34 La. Ann. 747; Sinnott v. Falls, 32 La. Ann. 553; Follett v. Judge, 32 La. Ann. 1186; De Buys v. Judge, 32 La. Ann. 1258; State ex rel. Waterworks Co. v. Levy, 36 La. Ann. 944; State ex rel. Gaslight Co. v. Judge, 37 La. Ann. 286; State ex rel. v. Judge, 40 La. Ann. 837, 6 South. 102. It is not true, therefore, that the application could not be disposed of otherwise than by a judgment. It could be disposed of by the court's refusing, in its wise discretion, to entertain it.

Passing to the next proposition of the learned counsel's argument, we have no difficulty in reaching the conclusion that the refusal to entertain such an application is not a judgment. In practice, the exercise of the exceptional power conferred by article 94 has two stages: A first or preliminary stage, in which the application is considered and passed on by a single justice, when the question is whether there is ground for troubling the respondent judge in the matter, whether he shall be called on to show cause why a mandamus should not issue; and a second stage, when the respondent judge is called on by the court, as a court, to show cause, and the court, as a court, proceeds to hear the parties and pronounce judgment. This practice is sanctioned by more than 25 years' usage, and, indeed, by article 94 itself, which is to the effect that any one of the justices may issue the remedial writ by which the power is exercised, meaning, of course, may issue the order to show cause. The decisions of this court cited by counsel have reference to the second stage of the exercise of this power, when the court itself, as a court, has acted, after trial or hearing of parties. In the nature of things, they can have no reference to the first stage of the exercise of the power, when a single justice is acting. A judgment of this court cannot be the work of a single justice. "No judgment," says article 89, "shall be rendered by the Supreme Court without the concurrence of three justices." When, in case of State ex rel. Behan v. Judge, 35 La. Ann. 1075, the argument was advanced that a single justice could not act in such a case because a judgment of the Supreme Court could not be the work of a single justice, the court simply answered that the granting or

refusing of such an application was not a jugdment—that it lacked every element of a judgment.

Therefore the order refusing relator's application for a mandamus was not a judgment, and the application for a rehearing cannot be entertained. A similar application for a rehearing was disposed of offhand in the case of Hinnricks v. Monteleone, 51 La. Ann. 899, 25 South. 546, in the following words:

"Rehearings in this class of cases are not admissible under the rules of this court."

A different rule would operate very harshly in a great many cases. The applications to this extraordinary jurisdiction are in most instances accompanied by certiorari and operate as a supersedeas, and thus the applicants secure delay without the giving of bond such as would be required for injunction or suspensive appeal; and the effect of allowing the right to apply for a rehearing would be, practically, to double this delay. The rule in question is, therefore, not only well founded in principle, but also wise in practice.