**73 So.2d 311**

**STATE v. BELLAM.**

**No. 41534.**

April 26, 1954.

Rehearing Denied May 31, 1954.

Richard Dowling, New Orleans, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden,

Dist. Atty., Herbert J. Garon, Asst. Dist. Atty., New Orleans, for appellee.

HAMITER, Justice.

Tried by a jury for the offense of unlawfully possessing narcotic drugs, to wit: Nineteen marijuana cigarettes and 1.25 ounces of bulk marijuana, Adrain Bellam was found guilty of attempting to possess narcotics. A motion for a new trial followed, and it was overruled.

The defendant was then arraigned on a charge of being a double offender, filed under and pursuant to the prior conviction statute, and to it he entered a plea of guilty. Thereupon the court sentenced him to serve a term of seven years at hard labor in the Louisiana State Penitentiary.

On this appeal the defendant presents for our consideration three perfected bills of exceptions. The first was reserved to the court's overruling of a motion to quash the bill of information. In the motion an attack had been made on the constitutionality of LSA–R.S. 40:961 et seq., Uniform Narcotic Drug Law, the contention urged being that such law violates Article 1, Section 12 of the Louisiana Constitution and the Eighth and Fourteenth Amendments to the United States Constitution in that it inflicts on persons charged and convicted thereunder cruel and unusual punishment and denies to them the right of parole.

■ An identical attack was levelled at the mentioned statute in the recent case of State v. Thomas, 224 La. 431, 69 So.2d 738, decided December 14, 1953 and rehearing

denied January 11, 1954, and there it was held to be without merit. To that ruling, supported by ample authority and sound reasoning which need not be reiterated, we adhere.

■■ Bills of exceptions numbers 2 and 3 may be considered together. They were taken to a refusal of the court to instruct the jury entirely as requested in two special charges submitted by the defendant relating to the question of what constitutes "possession". The greater part of the requested charges went to the jury, we find, either by the judge's reading directly therefrom or by means of the general charges which he gave and are contained in the record. The only portion denied was that which tended to furnish the impression that the State was required under the law to prove an "exclusive possession" by defendant. On this point the judge, in his per curiam, correctly states that " * * * part of the charges given by the defendant were misleading in conveying the thought that exclusive control or ownership was necessary to be proved by the State, when joint ownership or control was a sufficient basis upon which the defendant could have been found guilty." Since such portion was misleading, and hence not wholly correct, it was properly omitted. As is said in LSA–R.S. 15:390, " * * * Except as otherwise provided herein, the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation."

In the brief of defense counsel complaint is made of the court's denial of a motion for a new trial. We are unable to review the ruling. The question of its correctness depends primarily on the weight and effect of alleged newly discovered evidence, being the testimony of a defense witness who did not appear at and during the trial; but such evidence (taken on a hearing of the motion and physically in the record) is not attached to and made part of a formal bill of exceptions as is required for its consideration here. See State v. LeBleu, 203 La. 337, 14 So.2d 17 and numerous authorities therein cited.

For the reasons assigned the convictions and sentence are affirmed.