255 So.2d 81

**STATE of Louisiana**

v.

**Berald H. ANDRY.**

No. 51262.

Nov. 23, 1971.

Rehearing Denied Dec. 13, 1971.

Barry F. Viosca, Anthony R. Messina, New Orleans, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Berald H. Andry, was tried by a jury and convicted of the crime of possessing a narcotic drug, to wit: several capsules containing an opium derivative in violation of R.S. 40:962. He was sentenced to serve ten years in the State penitentiary at hard labor. On this appeal the accused is relying on two bills of exceptions to obtain a reversal of the conviction.

The two bills present the same question, i. e., whether there is evidence in this record tending to show that the defendant had constructive possession of the capsules. By these bills, Andry contends there was no showing by the State of constructive or actual possession by himself of said evidence.

We find no error in the trial court's finding that the defendant did have constructive possession by virtue of the fact he had guilty knowledge of how many capsules were in the residence and that his knowledge connected him with the exhibits. State v. Smith, 257 La. 1109, 245 So.2d 327 (1971).

For these reasons, we find the defendant-appellant's contentions to be without merit. The conviction and sentence are affirmed.

SUMMERS, Justice (dissenting).

By this and other "Per Curiam" decisions handed down today in this and other criminal appeals the court departs from the clear meaning of the constitution and from a tradition as old as the court itself.

In all felony prosecutions the accused is granted a constitutional right to appeal to this court from his conviction and sentence. La.Const. art. 7 § 10(5). When such an appeal is perfected a definitive judgment is required by the Supreme Court. This differs from the disposition of applications for writs, for the granting or refusal of an application for a writ is not a judgment. These applications may be acted upon by a single judge. State ex rel. Union Sawmill Co. v. Summit Lumber Co., 117 La. 643, 42 So. 195 (1906); State ex rel. Rivoire v. St. Paul, 104 La. 203, 28 So. 973 (1900). And the court need only "indicate its reasons" for denial. La.Const. art. 7 § 2.

In appeals of felony convictions, however, where a definitive judgment is rendered "the judge * * * shall refer to the law and adduce the reasons on which every definitive judgment is founded." La. Const. art. 7 § 1; Bell v. Hearne, 19 How. 252, 60 U.S. 252, 15 L.Ed. 614 (1857).

And, after consultation, the constitution provides that the case shall be "assigned for writing the opinion." La.Const. art. 7 § 7.

It is a long-settled proposition, also, that a judgment which does not contain the reasons on which it is founded is unconstitutional and null. Henderson v. Bowles, 3 Mart. (N.S.) 152 (1824).

The established tradition in this court and its invariable practice required that one member under his name author the opinion for the majority. Occasionally "per curiam" opinions were issued on applications for rehearing to clarify an ambiguity in the basic opinion, or in other exceptional cases; but it has never been the practice to render per curiam opinions routinely as the basis for definitive judgments as the Court does today. In my view these "faceless" opinions do not satisfy the spirit or the wording of the constitutional mandates, nor do these per curiams satisfy the litigants, their counsel or the public.

This opinion, for instance, fails to set out the facts upon which the very close issue of this case depends. No reasons for this judgment can meet the constitutional requirement without reciting the basic facts which form the premise upon which the result is reached. These are the facts: Defendant was a guest in the residence of

Joseph Jourdain on St. Phillips St. in New Orleans. Police officers obtained a warrant to search the premises and seize narcotics there. When they entered Jourdain's residence, Jourdain, Earl Ivory and defendant Berald Andry were seated in the front room of the residence. Jourdain readily admitted to the officers that there were narcotics in the adjoining bedroom. In searching the bedroom the officers found a quantity of heroin capsules in a brown envelope beneath a pillow on the bed.

The sole evidence upon which the State relies to establish constructive possession on the part of Andry is his presence in the house and his voluntary statement to the police that there were 35 capsules in the brown envelope. This information later turned out to be erroneous, for there were in fact 70 capsules in the envelope.

A person may be in constructive possession of a drug even though it is not in his physical custody. However, all of our decisions have required that under these circumstances there must be evidence that the party has dominion and control before he is deemed to be in possession. And where joint possession is relied upon, it must be shown that the accused willfully and knowingly shares with the other the right to control of the drug. State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971); State v. Williams, 250 La. 64, 193 So.2d 787

(1967); State v. Bellam, 225 La. 445, 73 So.2d 311 (1954); State v. Gray, 221 La. 868, 60 So.2d 466 (1952).

In addition to the evidence already mentioned, Andry admitted to the police that he was there to "score".

Although the evidence is sparse, there is a bare scintilla of evidence upon which the trier of fact could rely to deduce that Andry exercised a right to control the forbidden drug, for he was there by his own admission to "score"; the intimation from this admission being that he had, either by payment or otherwise, acquired a right to the "fix"—or part of the heroin seized.

It is settled that if there is any evidence in the record to support the conviction, the quantum of that evidence cannot be inquired into by this Court on appeal. Under Article VII, Section 10, of the Constitution this Court's appellate jurisdiction in criminal cases extends only to issues of law, and questions of fact or the sufficiency thereof relating to the guilt or innocence of the accused are matters within the exclusive province of the trial judge or jury. It is only in cases where there is not one scintilla of evidence to prove the offense or some necessary element thereof that a question of law arises which may be reviewed by this Court on appeal. State v. Kennedy, 255 La. 295, 230 So.2d 818 (1970).