256 So.2d 434

**STATE of Louisiana**

v.

**James MORRIS.**

**No. 51719.**

Jan. 4, 1972.

Curtis K. Stafford, Jr., Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Sargent Pitcher, Jr., Dist. Atty., Alton T. Moran, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, James Morris, was tried by jury and convicted of armed robbery. La.R.S. 14:64. He was sentenced to twenty years in the State Penitentiary. The defendant appeals this conviction and sentence.

The defendant reserved and perfected one bill of exception alleging inculpatory statements made by him were tainted by an illegal arrest of his co-defendants. He complains that information obtained from his two co-defendants led to his arrest and confession, and that since that information was the product of an illegal arrest it was tainted. Therefore, he claims his own arrest, though technically legal, was tainted, and that his subsequent confession was, in sequence, also tainted. We find no merit to this argument.

Notwithstanding the alleged illegality of his co-defendants' arrest, the evidence discloses probable cause for the defendant's arrest existed apart from and independent of any information obtained from his co-defendants. Furthermore, the defendant was given full Miranda warnings subse-quent to his legal arrest, and the evidence shows that his confession was understandingly and voluntarily made.

For the reasons assigned, the conviction and sentence are affirmed.

SUMMERS, Justice.

Aside from my objection to these "per curiam" opinions which I find violate the letter and spirit of the constitution, I must again call attention to the fact that another opinion recites no facts upon which its "reasons" for judgment are based. See dissent in State v. Andry, 260 La. 79, 255 So.2d 81.