262 So.2d 509

**STATE of Louisiana**

v.

John Adam **WHITSELL.**

No. 51607.

May 18, 1972.

John F. Rau, Jr., Harvey, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Frank H. Langridge, Dist. Atty., Gordon K. Konrad, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, John Adam Whitsell, appeals his conviction of aggravated rape, La.R.S. 14:42. He was sentenced to serve the balance of his natural life at hard labor in the State Penitentiary. In pursuing this appeal, the defendant relies on eight bills of exceptions reserved and perfected during his trial.

Bill of exceptions number one:

▮ This bill alleges the trial court erred when it denied defense counsel's motion to subpoena witnesses for examination prior to trial. Counsel for the defense maintains he should be given subpoena rights such as those of a district attorney under La.C.Cr. P. art. 66, which permits the district attorney, within limits, to subpoena witnesses. Our present Code does not contain provisions authorizing defense counsel to issue subpoenas commanding the attendance of witnesses at pretrial questioning. We find the trial judge correctly denied defense counsel's motion for subpoenas.

▮ Counsel for the defense maintains that such a denial is a deprivation of the right to compulsory process for obtaining witnesses. We find this conclusion to be incorrect. La.Const. art. I, Sec. 9 provides that an accused shall have the right "to have compulsory process for obtaining witnesses in his favor . . ."; U.S.Const., Amendment 6 contains the same language. These two constitutional provisions refer to

compulsory process for obtaining witnesses in the defendant's favor at the time of trial. This bill lacks merit.

Bill of exceptions number two:

This second bill alleges it was error for the trial court to overrule a motion to suppress evidence. Though the basis for the motion to suppress and the particular pieces of evidence sought to be suppressed do not appear in the second bill of exceptions, from a review of the testimony concerning the motion to suppress, it appears the objectionable evidence falls into two categories.

The first category of evidence sought to be suppressed pertains to evidence acquired by the authorities when they arrested the defendant and searched his home pursuant to a search warrant. We find this argument lacks merit as the affidavit upon which the search warrant was granted complied with La.C.Cr.P. art. 162. The search warrant was issued upon probable cause established to the satisfaction of the issuing judge. La.C.Cr.P. art. 162. Thus having found the search warrant and supporting affidavit to be legal and constitutional in form, all evidence obtained pursuant thereto was properly available for use as evidence during the trial.

The second attack made by the motion to suppress concerns certain oral and written statements made by the accused. The argument concerning these statements alleges the defendant was not properly apprised of his constitutional rights according to *Miranda* decision. We find this argument also lacks merit. From the transcript of the hearing on the motion to suppress it appears that both police officers testified they advised the accused of his rights immediately upon arrest. Subsequently, the accused signed a Miranda waiver, which document is also a part of the record. The two statements made by the defendant were made subsequent to being advised of his rights on the two previous occasions. The two statements also contain a waiver of rights and all pages and corrections contained in the two statements are signed or initialed by the defendant himself.

Bill of exceptions number three:

This third bill of exceptions alleges it was error for the trial court to permit evidence of other acts committed by the accused subsequent to the act for which he was being tried. In his opening statement, the prosecuting attorney stated he intended to introduce evidence of another sexual assault on a female occurring slightly over a month after the crime for which the defendant was charged. During the trial, he introduced evidence in the form of testimony by the alleged victim of the second sexual assault, which took place in the same car and utilized a similar modus operandi. We find the trial judge did not abuse his discretion in admitting this evidence of a similar sexual act committed by the defend-

ant. La.R.S. 15:445 and 15:446. In sexual offenses, such as rape, evidence of similar recent acts of the defendant is admissible to show the intent and system. La.R.S. 15:445 and 15:446; State v. Crook, 253 La. 961, 221 So.2d 473 (1969), and cases cited therein. This bill lacks merit.

Bill of exceptions number four:

In his fourth bill of exceptions, the defendant maintains the trial judge erred when he refused to grant a mistrial after sustaining the defendant's objection to certain statements made by a State's witness. We find this fourth bill lacks merit as the Court promptly admonished the jury to disregard the remark and that admonition was sufficient to assure defendant a fair trial. The trial judge did not abuse his discretion when he refused to grant a mistrial. La. C.Cr.P. art. 771.

Bill of exceptions number five:

The fifth bill of exceptions argues the trial court erroneously permitted testimony of a former assistant coroner to go to the jury. Counsel for the defendant objected to the testimony on the ground that statements made by the assistant coroner indicated that he was not testifying from memory, but testifying from a report he had made when examining the witness shortly after the aggravated rape. We find this allegation to be incorrect, as it appears from the trial transcript the witness did remember the examination and had used his report merely to refresh his memory. La.R.S. 15:279. Therefore, this bill lacks merit.

Bill of exceptions number six:

Bill of exceptions number six attacks the introduction into evidence of a statement made by the defendant on the grounds that he was not properly advised of his constitutional rights before the statement was made. More specifically, the defendant maintains he was not advised that once the statement had been started he could stop at any time and refuse to answer further questions. We find this bill of exceptions lacks merit. As is pointed out in bill of exceptions number two, the defendant was given proper warnings at the time of his arrest. Furthermore, La.C.Cr. P. art. 703 states that, "A ruling prior to trial on the merits, upon a motion to suppress a written confession or written inculpatory statement is binding at the trial on the merits." Thus, the admissibility of the statements having been determined against the defendant at the hearing on the motion to suppress, he is foreclosed from attacking the admissibility of these statements at the time of the trial.

Bill of exceptions number seven:

Bill of exceptions number seven alleges the trial court erred in permitting testimony by the prosecuting witness regarding an alleged instance of oral sex, or crime against nature, which incident was not in-

cluded in the opening statement by the Assistant District Attorney. This allegation lacks merit, as the testimony complained of clearly falls within the *res gestae* of the crime. La.R.S. 15:447 and 15:448. The act of oral sex formed in conjunction with the aggravated rape one continuous transaction. La.R.S. 15:448. During the colloquy between the Assistant District Attorney and the prosecuting witness, when he was asking her to relate to the jury the events which transpired the evening of the crime, at one point in the questioning he asked her, "O. K. Go on and tell us what happened after that." To which she replied, "And then he asked me to . . . well, he didn't ask me to. He told me to . . ., have oral sex with him, which I did." The prosecuting witness was relating the events which took place during the perpetration of the crime. This testimony was properly admitted. This bill of exceptions lacks merit.

Bill of exceptions number eight:

This final bill of exceptions was preserved and perfected to the denial of a motion for new trial. The motion for new trial alleged that the verdict was contrary

to the law and evidence, and was based on the bills of exceptions reserved during the trial and, in addition, two further allegations of error. As to one of these, there was evidence from which the jury could properly conclude that the venue of the crime in Jefferson Parish was proved, despite the defendant's comments to the contrary. See State v. Dillon, 260 La. 215, 255 So.2d 745 (1971).

As the other additional specification of error was not reserved in bills of exceptions during the trial, they cannot be considered. La.C.Cr.P. art. 841. The other seven bills of exceptions reserved and perfected by the defendant were found to contain no merit. The bill of exceptions taken to the denial of motion for a new trial, alleging that the verdict was contrary to the law and evidence, presents nothing for review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).

For the reasons assigned, the sentence and conviction are affirmed.

SUMMERS, J., concurs in the result only.

See State v. Andry, 260 La. 79, 255 So.2d 81 (1971).