SUMMERS, Justice
(concurring).
I have repeatedly expressed my objections to per curiam opinions, and I repeat that objection now. State v. Andry, 260 La. 79, 255 So.2d 81 (1971).
Defendant was tried and found guilty on January 31, 1974. His motion for appeal was filed and granted on February 28, 1974. At that time Article 841 of the Code of Criminal Procedure provided that an irregularity or error in the proceedings could not be availed of after verdict “unless it is objected to at the time of its occurrence and a bill of exception is reserved.” Article 844 also provided that the “appellate court shall consider only formal bills of exceptions.” Thus, under the law, at the time of the trial, bills of exceptions were required and none were reserved in this case.
Although Articles 841 and 844 were amended by Act 207 of 1974, making formal bills of exceptions unnecessary and *237 providing in lieu thereof for assignments of error, that Act was not signed by the Governor until July 12, 1974, long after the verdict in this case had been rendered. It is, therefore, error for this Court to refer to the fact that “no errors have been assigned” in addition to the reference to the fact that no bills of exceptions were filed. Such a statement is entirely irrelevant to this case and can only serve to mislead and confuse the reader.
If, in cases tried before the effective date of Act 207 of 1974, it is the intention of this “per curiam” opinion, as I believe it is, to permit a convicted defendant to search the record after verdict and discover errors to assign on appeal, without giving the trial judge an opportunity to correct the error by timely objection and a properly reserved bill of exception, a great harm to orderly trials conducted at that time will result.