322 So.2d 211 (1975)
STATE of Louisiana
v.
Quenton N. BROWN.
No. 56480.
Supreme Court of Louisiana.
November 3, 1975.
Rehearing Denied December 5, 1975.
*213 Thomas L. Mahfouz, Morgan City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Edward M. Leonard, Jr., Walter J. Senette, Jr., Asst. Dist. Attys., for plaintiff-appellee.
BOLIN, Justice.
Quenton N. Brown was convicted after a trial by jury of armed robbery, a violation *214 of La.R.S. 14:64, and was sentenced to thirty years' imprisonment. Upon this appeal, defendant relies on sixteen bills of exceptions for a reversal of his conviction and sentence. We affirm.
The offense for which defendant was prosecuted took place on June 7, 1973. On that date, defendant, armed with a .38 caliber revolver, robbed a clerk of a Morgan City bread store. After accomplishing the robbery, defendant fled from the scene of the crime and hid under a raised house in the vicinity of the store. The police were notified of the robbery and defendant's whereabouts by the victim and witnesses who observed him go into hiding. Within minutes of their arrival defendant was apprehended and disarmed. After several pre-trial proceedings, some of which are the subject of the bills of exceptions resolved below, defendant's trial and ultimate conviction ensued.
Bills of Exceptions Nos. 1, 7, 10 and 14 are based on the trial court's denial of various continuance motions made by defendant. Each bill of exceptions will be discussed separately in order to prevent confusion as to the times the continuances were sought and the various grounds therefor.

BILL OF EXCEPTIONS NO. 1
This bill was reserved to the trial court's denial of a written motion for continuance filed on the morning of trial and argued orally prior to the time that jury selection commenced. The grounds which appear in the written motion are as follows:
"(1)Counsel for defendant is not prepared for trial.
"(2)Defendant has not had adequate time to prepare his defense of insanity at the time of the crime. Defendant was examined by an employee of the St. Mary Rehabilitation Center, Inc. on May 17th, 1974. The results of this examination have to be evaluated by Dr. Nathan M. Lubin before a definitive opinion can be reached. From a preliminary discussion with the examiner, counsel has good reason to believe that the conclusion reached shall differ from that expressed by the authority from the East Louisiana State Hospital.
"(3)Defendant is not physically able at this time to assist in his defense, in that, his hearing has been impared [sic] to such a degree that he shall not be able to hear the testimony against him or any other proceeding in the court room.
"Counsel suggest that before the trial commences, defendant be examined by a physician.
"* * *."
On the day of trial, in orally arguing the motion, defense counsel stated that the person from the rehabilitation center who examined the defendant three days before trial, on the morning the sanity hearing was held, had to have his examination results discussed with the doctor named in the written continuance motion. Counsel stated to the court, however, that the examiner had indicated to counsel that his conclusions would differ somewhat from those of the doctor who testified for the State at the sanity hearing. Defense counsel also argued that he had not had enough time to develop his insanity defense and explained that the earliest the examination given defendant at the rehabilitation center could be "taken" was the day of the sanity hearing. Additionally, counsel argued that Brown advised him he was having difficulty hearing, which would impair his ability to assist counsel during trial. Counsel stated defendant had "the same problem" at the sanity hearing three days earlier and requested that a hearing examination be conducted. Finally, counsel argued that he was unprepared to go to trial because he had been under the impression trial would not be had until after certain pre-trial motions had been heard. The defense attorney stated that since the motions had not *215 been heard until "last Friday" (3 days before trial), he had been "under the impression" the trial date would have to be passed. In conclusion he related that he had only the intervening weekend to prepare for trial.
Invited by the court to respond, the State countered that defense counsel had been appointed eleven months earlier and had filed the motions which had been heard the Friday before trial[1] on May 3, 1974. The prosecutor noted that nine months earlier the defense attorney had filed a motion to determine defendant's sanity at the time of the offense and defendant's capacity to stand trial and assist in his defense. After these comments, the prosecutor noted the State's readiness to go to trial. The court responded by announcing its denial of the defendant's motion for a continuance and this bill was reserved.
In brief defense counsel generally reiterates that more time was needed to obtain and evaluate the results of the examination conducted by personnel of the rehabilitation center just three days before trial and that additional time was needed to have the defendant examined in order to determine whether his hearing problem would affect his ability to assist in his defense.
In addressing itself to this issue in brief, the State notes that defense counsel failed to support his claim of unpreparedness by explaining why or in what manner he was unprepared to try the case. The State requests that this Court consider the chronology in the instant case in assessing the second ground contained in the motion and note that even though eleven months elapsed between counsel's appointment and trial, counsel had defendant examined by an independent expert only three days prior to trial. The State points out that defendant's evaluation at the East Louisiana State Hospital was concluded, and defendant returned from the hospital, more than four months before trial. Obviously addressing itself to the issue presented by ground (2) of the written motion, and construing this ground as one which renders the motion one for continuance based in part on the absence of a witness, the State argues that the provisions of La.C. Cr.P. art. 709 have in no way been met.[2] Finally, the State argues that motion fails to conform to the requirements of La.C. Cr.P. art. 707 because the affidavit seeking to verify the motion is not signed by either defendant or his counsel.
From our careful consideration of all matters pertinent to the issue of the propriety of the trial court's denial of this motion for continuance, we conclude defendant failed to sufficiently show why, and in what manner, he was unprepared to try this case. In the absence of an explanation for what appears to be unreasonable delay, we do not believe that the incomplete nature of the independent examination of defendant by the rehabilitation center employee constituted compelling grounds for granting a continuance. Defense counsel admitted on the morning of trial, while arguing this continuance motion, that defendant experienced the hearing problem which he pleads as grounds for continuance at the sanity hearing three days earlier, and does not state he was unaware of the problem at that time. It therefore appears to us that defense counsel *216 exhibited some lack of diligence in verifying defendant's alleged physical ill in order to offer some objective substantiation in support of his third ground contained in the written motion for continuance.
Insofar as defense counsel's orally stated "impressions" that trial would have to be passed over and a trial date reset, the record shows that on April 29, 1974, the trial date was set for May 20, 1974. Defense counsel does not state adequate reasons for having allowed these impressions to cause him to postpone trial preparations until the May 17, 1974 resolution of his various pre-trial motions. The various pre-trial motions were routine in nature and the preparation for trial did not have to be put off until after the hearings thereon, notwithstanding information secured thereby may have been helpful in formulating a defense.
The general rule which must govern our determination of the merit of this bill of exceptions is that a reviewing court will not disturb the trial court's exercise of discretion unless there is a clear showing of abuse. See, e. g., State v. Carruth, 311 So.2d 866 (La.1975). No such showing has been made in the instant case. Additionally, we note that the procedure set forth in La.C.Cr.P. art. 707 has not been met, since neither the defendant nor his attorney signed the affidavit of verification. See, e. g., State v. Brewer, 301 So.2d 630 (La. 1974). The trial court did not err in denying this motion for continuance.
BILL OF EXCEPTIONS NO. 7
During the trial defendant orally moved for a continuance on the grounds that a subpoenaed witness was not present. The State objected, arguing that the defendant should have insured the presence of the witness he had subpoenaed on the morning of trial and the trial court denied the continuance. Bill of Exceptions No. 7 was accordingly reserved.
At the outset we note that a motion for continuance sought after commencement of trial is not timely (La.C.Cr. P. art. 708); it is apparent that defendant actually sought a recess in order to attempt to secure the witness' presence. As in the case of proper motions for continuance, however, the decision to grant or deny a recess is within the discretion of the trial court, subject to review only in situations where an abuse has been shown. See, e. g., State v. Richmond, 284 So.2d 317 (La. 1973). In Richmond, this Court declined to find that a trial court had abused its discretion in denying a recess, request of which was based on the absence of the only defense witness. The Court held in Richmond that "* * * where the defense did not make a showing of a compelling reason for granting a recess, at the time the motion was made, it cannot be said the trial court abused its discretion by refusing the recess." 284 So.2d at 326. No "compelling reasons" were shown at the time that defendant moved for this "continuance" (recess).
This bill of exceptions cannot avail defendant.
BILL OF EXCEPTIONS NO. 10
At the commencement of the sanity hearing held three days prior to trial defendant orally moved for a continuance, stating that he had only one day's notice of the hearing and had not had ample time for preparation of evidence or enough time to subpoena witnesses. The State rejoined that it had notified defense counsel several days prior to the hearing that it would attempt to hold the hearing. The State conceded that "* * * [i]t may have been that yesterday I told him the exact time that it would be held. * * *" Bill No. 10 was reserved when the oral motion for continuance was denied by the trial court.
Initially, we note that the motion for continuance was not in the form prescribed by La.C.Cr.P. art. 707, i. e., the motion was not in written form and may therefore be *217 denied on that basis. See, e. g., State v. Brewer, supra. Additionally, we find that defendant could have timely subpoenaed the witnesses he wished to present or requested that instanter subpoenas be issued. Absent a showing of an abuse of the court's wide discretion in this matter, and considering that the motion was not presented in proper form, we find this bill lacks merit.
BILL OF EXCEPTIONS NO. 14
Bill of Exceptions No. 14 was reserved when the trial court denied defendant's oral motion for continuance of the scheduled trial, made during the sanity hearing, on grounds that Dr. Lubin of the rehabilitation center had not had a chance to evaluate defendant. For the reasons supporting our findings in Bills of Exceptions Nos. 1, 7, and 10, we find this bill of exceptions lacks merit.
BILLS OF EXCEPTIONS NOS. 2, 5, and 9
These bills of exceptions were reserved when, twice during voir dire examination of prospective jurors and once during the court's charge to the jury, the court overruled defendant's objections to the court's statement that defendant has the burden of proving his insanity at the time of the commission of the offense by a preponderance of the evidence. The defendant's position is that the presumption of sanity which exists at law and requires that the burden of proving insanity fall to the defendant is unconstitutional, operating as a denial of due process guaranteed by the Fourteenth Amendment to the Constitution of the United States. It is contended that our statutory provision in La.C.Cr. P. art. 652, codifying the defendant's burden of proving insanity, is unconstitutional.
The holding in Leland v. Oregon, 343 U. S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952) renders without merit defendant's argument that the presumption of sanity and concomitant burden of proving insanity violates the due process clause of the Constitution of the United States. In Leland, the Court held that an Oregon statute which placed upon a defendant relying on insanity as a defense the burden of proving insanity beyond a reasonable doubt was not violative of the due process clause of the Fourteenth Amendment. Likewise, our less stringent burden of proving insanity does not deprive a criminal defendant of due process.
BILLS OF EXCEPTIONS NOS. 3 and 4
These bills of exceptions were reserved when the trial court denied defendant the right to challenge for cause two prospective jurors who, during the early stages of their voir dire examination, indicated they might have some difficulty properly understanding and applying the law of insanity.
Dispositive of these bills of exceptions is the fact that the defendant did not exhaust all of his peremptory challenges during the jury selection process. La.C.Cr.P. art. 800 provides:
"A defendant cannot complain of a ruling refusing to sustain a challenge for cause made by him, unless his peremptory challenges shall have been exhausted before the completion of the panel.
"The erroneous allowance to the state of a challenge for cause does not afford the defendant a ground for complaint, unless the effect of such ruling is the exercise by the state of more peremptory challenges than it is entitled to by law."
A review of the record reveals that defendant did not exhaust all of his peremptory challenges; failure to do so precludes his complaint of the trial court's denial of his two requested challenges for cause.

*218 See, e. g., State v. Rowell, 306 So.2d 668 (La.1975).
BILL OF EXCEPTIONS NO. 6
During the testimony of a police officer evidence was introduced relating to defendant's attempt to hide under a house and escape apprehension and his action in pointing a pistol at the officer. Defendant objected to this line of inquiry, contending that the evidence was irrelevant and immaterial. The State pointed out that the temporal and spatial connexity between the commission of the armed robbery and the events to which the officer was testifying was very clear. The court overruled the objection.
Defendant complains that evidence concerning events subsequent to the armed robbery, especially those relating to his possession of a gun, were highly prejudicial. He concedes the admissibility of evidence of flight. While defendant's objection in brief is vague, being no more than a general complaint that prejudice resulted from this testimony, his emphasis on the issue of the possession of the gun indicates that he is concerned with the propriety of admitting evidence which in fact may be construed as evidence of other criminal conduct. As the defendant concedes, the evidence dealing with flight and attempt to avoid apprehension is relevant and admissible in this criminal prosecution. See, e. g., State v. Lane, 292 So.2d 711 (La. 1974).
This bill lacks merit.
BILL OF EXCEPTIONS NO. 8
During the State's closing argument the court found it necessary to interrupt the prosecutor's remarks and remove the jury from the courtroom when defendant suffered a seizure. After removal of the jury defense counsel moved for a mistrial, arguing that since evidence had been placed before the jury indicating that the defendant had perhaps feigned seizures in the past, the seizure suffered in the jury's presence could cause serious prejudice in the eyes of any juror who might have believed that earlier seizures had been feigned. The motion for mistrial was denied and this bill of exceptions reserved.
Defendant argues that the denial of the mistrial was improper in light of the mandate of La.C.Cr.P. art. 775, which provides, in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771."
No particular prejudice resulting from the defendant's "conduct" in the courtroom is specified by defense counsel. We are in agreement with the trial court's conclusion that the defendant's seizure did not cause such prejudice as would warrant the declaration of a mistrial. Inasmuch as no specific request for an admonition of any kind was alternatively made by defense counsel, we likewise deem without merit the argument that, at the least, a jury admonition by the trial court was indicated.
BILL OF EXCEPTIONS NO. 11
At the commencement of the sanity hearing, counsel for defendant objected that a doctor other than the physician appointed to the Sanity Commission would testify on behalf of the State. In the course of this objection counsel stated that he thought defendant should have the right to be confronted by the appointed physician, the other doctors who examined him and all available records concerning his examination by these persons. The trial court denied the defendant's request for records and overruled defendant's objection to the State's failure to present the testimony of the appointed physician.
Defendant contends he was entitled to examine all of the medical records relating to his mental examinations. In support of *219 this claim he cites La.R.S. 13:3714, which provides:
"Whenever a certified copy of the chart or record of any hospital in this state, signed by the director, assistant director, superintendent or secretary-treasurer of the board of administrators of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination."
It is readily noted that the statute cited lends no support to defendant's position. An examination of the record reveals that the trial court stated, with reference to the various medical records, that the court and counsel would "* * * see about that [the request for records] when we have time to talk to the doctor who is here to testify." Further in the transcript of the sanity hearing the testifying physician states: "* * * [i]t's written in the hospital chart. Counsel For Defense called me yesterday and asked me to bring the hospital chart, which I did. * * *" Clearly, in accordance with the trial court's earlier remarks, defendant was entitled to renew his request for his records during the testimony of the doctor. The request was not renewed and defendant has not sought to exhibit in what way he was prejudiced by the trial court's initial statement that request for the records was denied. This portion of the complaint lacks merit.
Insofar as defendant's complaint regarding the failure to call the appointed physician to testify, we need only refer to the provisions of La.C.Cr.P. art. 647, which reads, in pertinent part, as follows:
"* * * The report of the sanity commission is admissible in evidence at the hearing, and members of the sanity commission may be called as witnesses by the court, the defense, or the district attorney. Regardless of who calls them as witnesses, the members of the commission are subject to cross-examination by the defense, by the district attorney, and by the court. Other evidence pertaining to the defendant's mental capacity to proceed may be introduced at the hearing by the defense and by the district attorney." (Emphasis supplied.)
It is clear that the State was not required to call the member of the sanity commission as a witness. Defendant could have called all doctors who examined him. This bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 12
Prior to the commencement of testimony at the sanity hearing defendant requested that the medications he was taking be brought into the courtroom but did not state the reason for the request. The trial court denied the request stating, "I will deny that unless Dr. Musso [the physician who had tended defendant's ills while he was in jail and for whom the court had issued an instanter subpoena at defendant's request] finds it necessary." To the trial court's ruling a bill of exceptions was reserved but at no time did defendant articulate reasons for the request.
In brief defendant argues that the denial of the request to have all of the medication brought into the courtroom deprived him of the right to have presented to the judge all of the evidence necessary to properly determine his sanity. This theory that the denial of the request resulted in that deprivation is not explained by the defendant and we are unable to accept the theory. At no time did defendant present the reasons for this request to the trial court; nor did he renew the request when it was realized the subpoena for Dr. Musso could not be served.
This bill has no merit.
*220 BILL OF EXCEPTIONS NO. 13
In relating the course of defendant's evaluation and treatment while a patient at the East Louisiana State Hospital, Dr. Mann, psychiatrist in charge of the Forensic Unit of the hospital, testified, in response to a question seeking to determine how long defendant remained on two drugs which the doctor had prescribed: "[h]e remained on them for approximately three weeks, from the day of admission which was September 7th to the 26th of September. However, if I may, he told the nurse the day after admission that he had faked the seizures." Defense counsel objected, arguing that the testimony was hearsay, and reserved a bill of exceptions when the trial court overruled his objection.
Defendant contends that allowing the physician to testify to this hearsay evidence violated his right to confront and cross-examine the nurse who claimed he stated he faked the seizures. The State counters that the doctor's statement is not hearsay because it was not offered to show the truth of the assertion but, rather, to establish the foundation upon which this expert based his opinion that defendant was sane.
We disagree with defendant's position that the trial court allowance of this alleged hearsay statement was reversible error on a number of grounds. First, as noted by the State, it is entirely consistent with the purpose and tenor of the physician's testimony to find that the statement was offered not to show the truth of the assertion, but to show the basis for the expert's opinion. La.R.S. 15:465 requires that "[e]very expert witness must state the facts upon which his opinion is based." See State v. Watley, 301 So.2d 332 (La. 1974). Under this statutory provision, and in furtherance of his explanation of his course of treatment and his discontinuation of the antiepileptic medication, the allegedly hearsay statement was properly ruled admissible. Moreover, we note that during cross-examination the physician stated without objection that at some later point in time defendant stated to him personally that his seizures were feigned.
This bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 15
At the conclusion of the sanity hearing, defendant apprised the court that he believed he was entitled to be discharged under the provisions of La.C.Cr.P. art. 230.1,[3] since he was not brought before a judge for the purpose of appointment of counsel within the time limit specified therein. Assuming that the sheriff having custody of defendant from the time of his arrest failed to comply with the provisions of this article and that, therefore, there may have been grounds for his release at the time of the motion for discharge on May 17, 1974 (three days before trial), the *221 last paragraph of La.C.Cr.P. art. 230.1 renders the issue moot.
BILL OF EXCEPTIONS NO. 16
Prior to imposition of sentence defendant objected to his conviction under La.R.S. 14:64 because the conviction required that he be sentenced to a term of years "* * * without benefit of parole, probation or suspension of sentence." The stated basis for defendant's objection was that the penalty provision constituted cruel and unusual punishment.
This issue has been resolved adversely to defendants' position on many occasions. The status of the law is perhaps best articulated in the following language which appears in this Court's decision in State v. Howard, 262 La. 270, 263 So.2d 32 (1972):
"There is no constitutional infirmity in such penalty provision for the crime of armed robbery. Imprisonment itself is clearly not `cruel and unusual punishment,' reprobated by constitutional provision. See State v. Crook, 253 La. 961, 221 So.2d 473; State v. Dell, 258 La. 1024, 249 So.2d 118; State v. White, 254 La. 389, 223 So.2d 843; State v. Bellam, 225 La. 445, 73 So.2d 311. Mere length of sentence is not cruel and unusual punishment; most criminal systems provide for life terms.
"The defendant argues in brief that a sentence which deprives a defendant of the possibility of parole denies him equal protection of the laws, because the object of a criminal sentence is reform and rehabilitation of the criminal. Reform and rehabilitation are not the only legitimate objects of a sentence for crime. Deterrence, both to the accused and others, is a legitimate object of a sentence for criminal conduct. It is only in theory that rehabilitation is provided for those convicted of other crimes. All those convicted of armed robbery are treated alike. Defendant has not been denied the equal protection of the laws." 263 So.2d at 35.
Defendant's arguments in connection with this bill of exceptions do not warrant reversal.
In brief, defendant raises an additional complaint levelled at unsolicited remarks of a police officer which alluded to an unrelated criminal offense. Defendant contends that the trial court's failure to declare a mistrial warrants a reversal of his conviction and sentence. A review of the record reveals that at the time the witness made the unsolicited remarks defendant asked the trial court to strike from the record the offending remarks. In response to this request, the trial court properly admonished the jury. No objection was made to the trial court's action in handling the matter because his action was in accordance with defendant's request. Therefore, no objection which would form the basis for a proper bill of exceptions materialized. Since there was no request for a mistrial, there was no error in the trial court's action. La.C.Cr.P. arts. 770 and 775. Moreover, since no bill of exceptions was presented to the Court, the alleged error is not properly before us for review.
Finding no reversible error in the record before us or in the bills of exceptions presented for our review, we accordingly affirm the defendant's conviction and sentence.
SUMMERS, J., concurs in the result.
NOTES
[1] These included a motion to have pre-trial hearings continued from May 10, 1974, due to a conflicting court appearance, an application for a bill of particulars and a prayer for oyer.
[2] La.C.Cr.P. art. 709 provides:

"A motion for a continuance based upon the absence of a witness must state:
"(1) Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
"(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
"(3) Facts showing due diligence used in an effort to procure attendance of the witness."
[3] La.C.Cr.P. art. 230.1 provides:

"A. The sheriff having custody of an arrested person shall bring him promptly, and in any case within one hundred forty-four hours from the time of the arrest, before a judge for the purpose of appointment of counsel. Saturdays, Sundays, and legal holidays shall be excluded in computing the one hundred forty-four hour period referred to herein. The time limit prescribed herein may be extended by written order of a judge for an additional maximum period of one hundred and forty-four hours upon a showing of good cause. The order shall state the reason for the extension and shall be communicated to the arrested person.
"B. At this appearance, if a defendant has the right to have the court appoint counsel to defend him, the court shall assign counsel to the defendant. The court may also, in its discretion, determine or review a prior determination of the amount of bail.
"C. If the arrested person is not brought before a judge in accordance with the provisions of Subsection A of this article, he shall be released forthwith, unless good cause is shown.
"D. The failure of the sheriff to comply with the requirements herein shall have no effect whatsoever upon the validity of the proceedings thereafter against the defendant."