Dear Mr. Woolridge:
The opinion request of the Louisiana Patient's Compensation Fund Oversight Board (hereinafter, the board) regarding the confidentiality of certain records of the board has been assigned to me for response. The issues presented are:
 (1) Are copies of the medical malpractice complaints that are forwarded to the clerk of the state supreme court confidential and not subject to the disclosure of any third party?
 (2) Is the board required to designate the medical malpractice complaints forwarded to the clerk of the state supreme court as "confidential" to assure the confidentiality of these documents?
Any question involving the confidentiality of records held by public bodies requires an examination of the provisions of the Public Records Act, LSA-R.S. 44:1, et seq. The definition of a "public record" is found at LSA-R.S. 44:(A)(2) providing:
 All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics . . . having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state . . . are "public records," except as otherwise provided in this Chapter or as otherwise specifically provided by law.
Unless specifically exempted, all records, documents, and information used in the performance of any public function are included. Caple v. Brown, 322 So.2d 217 (La.App. 2nd Cir. 1975).
There is an exception in the public records law regarding those matters handled by the Office of Risk Management. This exception applies in this instance since the board is mandated by statute to contract with the Office of Risk Management for services to the fund including, but not limited to "the defense of the fund and the establishment of reserves". See LSA-R.S.40:1299.44(5)(c). The specific exception of LSA-R.S. 44:4(15) relates to:
 (15) To any pending claims or pending claim files in the custody or control of the office of risk management . . . or to any pending claims relating to loss reserves maintained or established by the office of risk management . . .
The legislature has further made specific reference to the confidentiality of the board's records within those statutes defining the authority, obligations and powers of the board. LSA-R.S. 40:1299.44D(4) provides:
 D. (4) All communications made and all documents and records developed by, between or among the attorney general, claims manager, the oversight board, any person or entity contracted to provide service to or on behalf of the fund under this Part, and enrolled health care providers and their insurers, relative to or in anticipation of defense of the fund or enrolled health care providers against, establishment of reserves with respect to, or prospective settlement of, individual malpractice claims shall be confidential and privileged against disclosure to any third party pursuant to request, subpoena, or otherwise.
The legislature has also mandated that the board forward a copy of the proposed complaint to the state supreme court, including the names of the parties plaintiff and defendant, who are qualified. See LSA-R.S. 40:1299.47A.(3)(c), providing:
 (3) It shall be the duty of the board within fifteen days of the receipt of the claim to:
* * * * *
 (c) Forward a copy of the proposed complaint to the clerk of the Louisiana Supreme Court, including the names of the parties plaintiff and defendant, who are qualified under this Part.
This office concluded in an Attorney General Opinion 91-139, previously released, that the name and address of the health care provider as well as the name of the insurance company providing primary insurance for the provider would not be confidential and privileged. This information must therefore be disclosed to those requesting such information. This disclosure would be required of the board or the clerk of the supreme court.
However, records enumerated in LSA-R.S. 40:1299.44D.(4) and LSA-R.S. 44:4(15) remain confidential and privileged. Although the Louisiana Supreme Court is not mentioned specifically in the cited confidentiality statutes, we are of the opinion that the legislature has expressed a clear intent within the framework of all of the statutes pertaining to the board. The intent appears to be to keep the records enumerated confidential and protected from public inspection whether these records rest with the board, the risk managers, or the supreme court. To allow inspection in one place and not the other would seem to circumvent the legislative mandate.
Finally, note the statute does not require the board to designate the medical malpractice complaints as "confidential" but as a practical matter this may be advisable.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 11, 1998
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL