255 So.2d 83

**STATE of Louisiana**

v.

**George FAIRLEY.**

No. 51373.

Nov. 23, 1971.

Paul Henry Kidd, Robert P. McLeod, Monroe, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Robert W. Kostelka, Dist. Atty., Gilbert T. Brown, Jr., Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, George Fairley, was tried by a jury and convicted of the crime of simple burglary, La. R.S. 14:62. He was sentenced to serve three years in the Louisiana State Penitentiary at hard labor.

On this appeal, the accused is relying on one bill of exceptions to obtain a reversal of the conviction. By this bill, Fairley contends that no *Miranda* warnings were given and that his signed waiver was not free and voluntary, so therefore his inculpatory statements were improperly admitted.

We find no error in the trial court's finding that the statements were not the product of coercion or duress, and that they were freely and voluntarily given after the defendant was fully advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The trial court's "Per Curiam" sets forth one factual basis for this finding. Such a factual de-

termination by the trial judge is given great weight and will not be disturbed upon appeal unless clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970); State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).

· In this court, the defendant principally contends that he was not expressly informed, as required by *Miranda*, that if he were an indigent a lawyer would be appointed to represent him. Counsel contends that the accused was not advised of these rights, although the waiver form (and the testimony of the interrogating police officers) shows that the accused was instructed that if he were "unable to employ an attorney, the court will appoint one" for him, and that if he could not "hire" an attorney, the court could appoint one for him. We find no merit to this contention made.

Evidence warrants the finding that the accused had made an intelligent waiver of his right to remain silent and of his right to have counsel present at interrogation, before voluntarily making the statements in question. State v. Millsap, 258 La. 883, 248 So.2d 324 (1971).

For these reasons, we find the defendant-appellant's contentions to be without merit. The conviction and sentence are affirmed.

: SUMMERS, J., dissents for the reasons assigned in State v. Andry, 260 La. 79, 255 So.2d 81 rendered this day.