260 So.2d 620

**STATE of Louisiana**

**v.**

**Leon COSEY.**

**No. 52162.**

April 13, 1972.

Burton L. Wade, Philip B. Watson, Jr., St. Joseph, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Thompson L. Clarke, Dist. Atty., John T. Seale, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

This is an appeal from a judgment convicting the appellant of the crime of armed robbery, La.R.S. 14:64, and fixing his punishment at ten years at hard labor in the State Penitentiary. Appellant relies on three bills of exceptions to obtain a reversal of the conviction.

■ The first bill of exceptions was taken when the trial judge overruled defense counsel's objection to the amount of bond fixed pending trial. By virtue of the subsequent proceedings, the trial, conviction and sentencing, this issue is beyond the supervisory jurisdiction of this court at this time. We note also that where the defendant did not avail himself of the remedy for the reduction of bail provided for in La.C.Cr.P. art. 322, and the record reflects no abuse of discretion by the trial court, this bill of exception has no merit. La.C.Cr.P. articles 317, 321. State v. Jones, 252 La. 903, 215 So.2d 108 (1968), see also Shaw v. Henderson, D.C., 303 F. Supp. 183, affirmed, 5 Cir., 430 F.2d 1116 (1969).

■ In the remaining two bills of exceptions, the defendant alleges the same error: that the trial court erred when it admitted into evidence certain written and tape recorded inculpatory statements by the defendant he contends were not freely and voluntarily given, nor with proper Miranda warnings. Specifically, he alleges that Miranda warnings were deficient in that the police promised an appointed lawyer when defendant was to be arraigned or when he went to trial and not at the interrogation, citing State v. Anderson, 254 La. 1107, 229 So.2d 329 (1969). However, we do not agree with this contention. Sheriff Poe testified they read the Miranda warning to the defendant. The defendant's own taped confession after his second arrest (with the Chief of Police of the Town of Newellton with Sheriff Poe in attendance), also reveals adequate advice of his Miranda constitutional rights.

The additional statement by the Sheriff, as to the authority of the court regarding the appointment of counsel, appears to us entirely gratuitous but does not detract from the adequacy of the warning at the time. State v. Anderson, supra, is factually distinguishable, where the accused asked for a lawyer, but the police did not get him one.

■ Neither do we find error in the trial court's factual finding that the statements were not the product of coercion or duress, and that they were freely and voluntarily given after the defendant was fully advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The record is abundant with testimony by police officers and by the defendant himself that no threats were made to induce any statements. Such a factual determination by the trial judge is given great weight and will not be disturbed upon appeal unless clearly erroneous. State v. Hall, 257 La. 253, 242 So.2d 239 (1970). State v. Lacoste, 256 La. 697, 237 So.2d 871 (1970).

The evidence warrants the trial court's finding that the accused had made an intelligent waiver of his right to remain silent

and of his right to have counsel present at interrogation, before voluntarily making the statements in question. State v. Fairley, 260 La. 85, 255 So.2d 83 (1971).

For these reasons, we find the defendant's contentions to be without merit. The conviction and sentence are affirmed.