PER CURIAM.
The defendant, Joseph W. Walker, was tried by a jury and convicted of the crime of attempted simple kidnapping, and was sentenced to serve two years in the Parish Prison, La.R.S. 14:27 (14:45). In this appeal, the accused is relying on one bill of exceptions to obtain a reversal of the conviction.
By this bill, the accused contends that the trial judge erred when he refused to hear testimony on a motion to suppress relative to the suppression of the identification declaring that the codal article (C.Cr.P. art. 703) dealing with suppression of evidence *548 was not designed to cover this type of identification. The trial court would not have abused its discretion by so doing. State v. Wilkerson, 261 La. 342, 259 So.2d 871 (decided March 27, 1972).
In the present case the question of identification was adequately disposed of during the trial. Positive identification was made by the victim and it was also stipulated by defense counsel that the accused was the man who confronted the victim on the night in question. Defendant himself took the stand and related things that took place during the evening of the crime, confirming his presence and confrontation with the victim. All that remained was a determination of the criminal, nature of the encounter between the defendant and the victim. That was a matter for the jury to decide. Such a factual determination cannot be disturbed upon appeal. State v. Fairley, 260 La. 85, 255 So.2d 83 (1971).
Under these circumstances, it does not appear that there has been a miscarriage of justice or that substantial rights of the defendant have been prejudiced. If error was committed in not hearing the evidence as to identification on the motion to suppress instead of at the trial, such error was harmless and not cause for reversal. La.C.Cr.P. art. 921.
For these reasons, the conviction and sentence are affirmed.