262 So.2d 498

**STATE of Louisiana**

**v.**

**Charlie Ray HALL.**

No. 51631.

May 18, 1972.

Rehearing Denied June 13, 1972.

Lawrence L. May, Jr., Shreveport, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Charles R. Lindsay, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM.

The defendant, Charlie Ray Hall, appeals from a conviction of armed robbery,

La.R.S. 14:64, for which he was sentenced to thirty-three (33) years in the state penitentiary. He relies on three bills of exceptions to obtain a reversal of the conviction.

 The first bill of exceptions was taken to the trial court's ruling, after a hearing on a sanity commission report, concerning the defendant's mental incapacity to proceed. We find no error in the trial court's finding that the defendant was presently sane, for the purpose of trial, i. e. that he enjoyed the mental capacity to understand the nature of the proceedings against him and to assist in the preparation and conduct of his defense. Cf. State v. Augustine, 252 La. 983, 215 So.2d 634 (1968). Such a factual determination by the trial judge is given great weight and will not be disturbed upon appeal unless clearly erroneous. State v. Fairley, 260 La. 85, 255 So.2d 83 (1971).

In the remaining two bills of exceptions, the defendant alleges the same error: that the trial court erred when it admitted into evidence fingerprints and police prints of the defendant, where there was testimony that other fingerprints, in addition to the defendant's, were found near the scene of the crime that were not identified or explained. The existence of other fingerprints affects the weight of the fingerprint evidence rather than its admissibility. This bill has no merit. This Court

cannot review the sufficiency of the evidence in a criminal prosecution. La.Const. art. 7, Sec. 10; art. 19, Sec. 9; State v. Isaac (Decided March 27, 1972) 261 La. 487, 260 So.2d 302 (1972).

The conviction and sentence are affirmed.

SUMMERS, J., concurs in the result only. See State v. Andry, 260 La. 79, 255 So.2d 81 (1971).