PER CURIAM.
Defendant, Charlie Forman, Jr., was found guilty in a trial by jury of the crime of armed robbery, La.R.S. 14:64, and sentenced to serve 30 years in the custody of *524 the Louisiana Department of Corrections. During the proceedings, four bills of exceptions were reserved and perfected.
Bills of Exceptions Nos. 1 and 2 were reserved to the trial court’s ruling that a taped confession given by the defendant was admissible. Objection to the introduction of this evidence was made on the ground that the confession was involuntary and the defendant was not given a copy of the taped confession, as required by law.
We find that the trial judge was correct in his ruling that the taped statement was admissible. The defendant was thoroughly advised of his rights several times prior to making the statement and he signed a waiver of rights form admitted into evidence. He is shown to have an eleventh grade education with average grades. Both of the officers present at the giving of the statement were present at the trial and testified that the defendant was in no manner coerced or intimidated. The trial court found that the statement was given voluntarily and that the defendant was fully aware of his rights at the time of making the statement. Such a factual determination is given much weight and will not be disturbed unless it is clearly erroneous. State v. Cosey, 261 La. 550, 260 So.2d 620 (1972); State v. Fairley, 260 La. 85, 255 So.2d 83 (1971).
The contention of defense counsel that he was not given a copy of the taped confession is without merit, inasmuch as the state allowed defense counsel to listen to the taped statement well in advance of trial and defense counsel had ample opportunity to make his own copy of the statement.
The bills of exceptions are without merit.
Bills of Exceptions Nos. 3 and 4 were both taken to the ruling of the trial court that a revolver and a federal firearms transaction sheet were admissible in evidence. Defense counsel objected to the introduction of this evidence on the ground that there had been no evidence which would connect the revolver with the defendant and the crime charged, therefore, the revolver and the federal firearms transaction sheet (which concerned the purchase of this revolver) were irrelevant.
Defense counsel argues forcefully that this gun should not have been admitted into evidence for the reason that the only evidence which connected the gun with the defendant was the fact that the gun had been retrieved from the sister of Dolph Finley, an alleged accomplice of the defendant, some time after the occurrence of the armed robbery herein, and the testimony of a pawn shop employee who stated that a person identified as Dolph Finley purchased this gun from a pawn shop three days prior to the armed robbery. Thus, the only link between the defendant and the gun was the fact that an alleged accomplice of the defendant had access to the gun at the time of the robbery. Defense counsel argues further, that this link is significantly weakened by the fact that the two eyewitnesses to the robbery both gave a description of the gun used which differed to a great extent from that of the gun introduced into evidence.[1]
However, even if we were to accept the argument that the gun was not properly admitted into evidence because it was not shown to be the gun used in the robbery, we find that the error, if any, would be harmless.
The issue involved here is whether the state proved one of the essential elements of the crime of armed robbery, i. e. the use of a dangerous weapon. La.R.S. 14:64. If the only evidence of this element introduced was the gun, and if, in fact, it was error to allow its introduction we would not hesitate to reverse this conviction. We would do so because there would be an *525 absence of legal evidence of an essential element of the crime charged.
However, we find that there was substantial evidence, independent of the introduction of the gun, that a dangerous weapon was used in the robbery. The defendant’s confession shows without a doubt that there was a weapon so used. The two eyewitnesses to the robbery both testified that one of the two men involved in the robbery used a gun. Thus, there is competent legal evidence of this essential element of the crime. Under these circumstances, we find that the bill of exceptions presents no reversible error.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.

. In fact, due to the variance in the descriptions we would infer that this was not the gun seen by the witnesses during the robbery.