316 So.2d 740 (1975)
STATE of Louisiana
v.
Herbert G. MARTIN.
No. 55951.
Supreme Court of Louisiana.
June 23, 1975.
Numa V. Bertel, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
*741 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Herbert G. Martin was charged by bill of information with committing the crime of armed robbery in violation of La. R.S. 14:64. He was tried by jury and found guilty as charged. Shortly thereafter, the district attorney filed a bill of information charging defendant as a multiple offender in order that he be sentenced according to the enhanced penalties prescribed by the Louisiana Habitual Offender Law. Id. 15:529.1. After the hearing conducted to inquire whether defendant had been convicted of a prior felony, the trial judge found defendant to be a second offender and sentenced him to serve 33 years in the custody of the Department of Corrections. In this appeal, defendant assigns two errors that he alleges warrant the reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
Defendant first assigns as error the trial judge's denial of his motion for a new trial and his refusal to conduct a hearing on the motion to investigate allegations made by defendant that he had seen the district attorney enter the jury box during the deliberations of the jury. The initial motion for a new trial simply alleged that the verdict of the jury was contrary to the law and the evidence without detailing in particular the evidence or law that the verdict allegedly contradicted. Upon the trial judge's denial of the motion at sentencing, defense counsel reserved a bill of exceptions to the ruling. This much of the judge's ruling is not contested here on appeal and is, therefore, considered abandoned.
What defendant does contest is a later ruling on an amendment to the motion. The sentencing transcript indicates that, prior to sentencing, defendant expressed a desire to address the court. He then alleged that, during the deliberations of the jury, the state prosecutor went into the jury box. The trial judge placed defendant under oath, and he repeated the allegation. Apparently hearing the defendant's statement for the first time, defense counsel sought to file another motion for a new trial. The court made the new motion part of the old (in effect, amending the old motion) and denied it anew.
Defendant argues here that, under article 851 of the Code of Criminal Procedure, a motion for a new trial must be granted when the defendant has discovered a prejudicial error or defect in the proceeding that, notwithstanding due diligence on his part, was not discovered before the verdict. He thus argues that defendant's revelation that the state prosecutor had entered the jury box during the deliberations of the jury constitutes a prejudicial error in the proceedings that required the trial judge to grant the defense motion for a new trial.
Article 851 of the Code of Criminal Procedure provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations no matter upon what allegations it is grounded.

The court, on motion of the defendant, shall grant a new trial whenever:
. . . . . .
(4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment . . .. *742 (Emphasis added.) Where the fourth ground under article 851 for granting a new trial is urged, article 855 specifies the sworn allegations of fact that must accompany the motion:
. . . . . .
(1) The specific nature of the error or defect complained of; and
(2) That, notwithstanding the exercise of reasonable diligence by the defense, the error or defect was not discovered before or during trial.
Defendant's argument is without merit for two reasons. First, the record reveals merely defendant's allegation that he saw the district attorney go into the "jury box" when the jury was deliberating. We are unable to see where the entry of the state prosecutor into the "jury box" in the courtroom while the jury was sequestered in deliberations in any way worked an injustice upon defendant as required by article 851. Second, defendant's sworn statement indicates that he observed the incident before the jury had returned its verdict. His failure to raise the alleged prejudicial error or defect in the proceedings prior to the verdict contravenes the terms of articles 851 and 855, which allow the defendant to raise an alleged defect in the proceedings in a motion for a new trial only if it appears that, notwithstanding the exercise of reasonable diligence by the defendant, the error or defect was not discovered before the verdict. Hence, the alleged defect could not be raised in a motion for a new trial. Additionally, article 841 of the Code of Criminal Procedure provides that an irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. No objection was made at the time of occurrence in this case. In sum, this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant next assigns as error the trial judge's use of his present conviction for armed robbery as a basis for finding him to be a multiple offender. Defendant argues that, inasmuch as the present conviction is not considered final until ruled upon on appeal, the offense that forms the subject of these proceedings cannot form the basis of a multiple offender charge.
The Louisiana Habitual Offender Law, La. R.S. 15:529.1, allows the district attorney to file a bill of information at any time after conviction or sentence against any person prosecuted by him for, and convicted of, a felony, accusing him of prior felony convictions.[1] Upon the filing of the information, the court in which the subsequent conviction was obtained shall cause the accused to be brought before it, inform him of the allegations contained in the information and of his right to be tried as to the truth thereof, and require the offender to say whether the allegations are true. If the accused denies the allegations of the information, the judge must fix a day to inquire whether the offender has been convicted of the prior felony, or felonies, as charged in the information.[2] If the judge finds that the accused has been convicted of the prior felonies, the court shall sentence him according to the enhanced penalties prescribed by the statute.
Considered in the light of the statute, defendant's argument is patently specious. The multiple offender law merely prescribes enhanced penalties for a basic conviction. The sentencing of defendant is pursuant to the basic conviction and is in no way related to any prior offense. Hence, the sentencing procedure is the same whether defendant is sentenced according to the standard penalty or the enhanced *743 penalties prescribed for multiple offenders. Extended to its logical extreme, defendant's reasoning would prevent a trial judge from sentencing any duly convicted criminal defendant until all avenues of appeal on the validity of the conviction alone had been exhausted. This argument is contrary to the procedures set forth in the Code of Criminal Procedure and the Louisiana Habitual Offender Law.[3] Accordingly, this assignment of error is without merit.
However, we note ex proprio motu an error that is discoverable by a mere inspection of the pleadings and without inspection of the evidence. La. Code Crim. P. art. 920 (1966), as amended, Acts 1974, No. 207, § 1. Defendant's motion for a new trial was overruled on February 8, 1974. On the same day, defendant was sentenced. Article 873 of the Code of Criminal Procedure provides in pertinent part:
. . . if a motion for a new trial or, in arrest of judgment, is filed, sentence shall not be imposed until at least [24] twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided in this article or pled guilty, sentence may be imposed immediately.
The record does not reveal that defendant waived the delay provided in this article nor had he pled guilty to the basic conviction. Hence, the trial court erred in sentencing defendant prior to the 24-hour delay provided in the aforesaid article. We must therefore annul and set aside the sentence and remand for resentencing.
For the reasons assigned, the conviction is affirmed; the sentence is annulled and set aside, and the case is remanded to the trial court for resentencing in accordance with law.
NOTES
[1] See State v. McQueen, 308 So.2d 752 (La. 1975).
[2] See State v. Davalie, 313 So.2d 587 (La. 1975).
[3] See La.Code Crim.P. arts. 871-92; La.R.S. 15:529.1.