332 So.2d 267 (1976)
STATE of Louisiana, Appellee-Respondent,
v.
James C. JONES, Jr., Appellant-Relator,
No. 57316.
Supreme Court of Louisiana.
May 17, 1976.
*268 Henry V. E. Mitchell, IV, New Orleans, for appellant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for appellee-respondent.
TATE, Justice.
The defendant was convicted of unlawful distribution of heroin, La.R.S. 40:966 (B)(1) (1973), and sentenced to life imprisonment at hard labor. We find no reversible merit to any of the six assignments of error urged by his appeal:
Assignments of Error Nos. 1 and 2: The defendant complains that the trial court refused to order the state to furnish certain information requested by the defendant's pre-trial motion for a bill of particulars. The requested information concerned the specific amount of heroin the accused was charged with distributing, and the names of the witnesses allegedly present at the time. No error is shown. The defendant cannot obtain by bill of particulars pre-trial discovery of the details of the state's evidence. State v. Ball, 328 So.2d 81 (La. 1976); State v. Kado, 300 So.2d 461 (La. 1974); State v. Thomas, 290 So.2d 317 (La.1974).
*269 Assignment of Error No. 3: The defendant complains of the trial court's refusal, on his motion for oyer, to order the state to furnish pre-trial inspection of any oral statement allegedly made by him. A conviction is not reversible for this reason, the trial court's ruling being based upon prior jurisprudence that oral statements are not so discoverable. State v. Watson, 301 So.2d 653 (La.1974).
Assignment of Error No. 4: The defendant complains of the trial court's failure to reduce his bond prior to the trial. On an appeal after conviction, the issue is moot. Timely invocation to this court's supervisory jurisdiction at the time of denial of reduction is the appropriate avenue of review. La.C.Cr.P. art. 322; State v. Bradford, 298 So.2d 781 (La.1974); State v. Cosey, 261 La. 550, 260 So.2d 620 (1972).
Assignment of Error No. 5: The defendant complains of the trial court's denial of his motion to quash the indictment. The motion is based solely upon a contention that the prosecution was in bad faith since no indictment had been filed at the time of the motion, some seven weeks after the accused's arrest. However, an indictment was filed the day after the motion was filed; preliminary examination was afforded, at which time the state showed probable cause for the charge; and a trial date was assigned, which was within about two months of the motion. The present record contains no showing whatsoever to justify the relief sought.
Assignment of Error No. 6: The defendant complains of the trial court's refusal, upon state objection, to require a state undercover officer to state the name of his confidential informant. (The latter had led the officer to the accused at the time arrangements were made for the accused's sale of heroin to the officer.)
By stating to the court the action desired (requesting the witness to respond to the question), and the grounds for the request (that the witness was the only person besides the policeman to verify what actually took place, and was therefore necessary to the defense), the defendant adequately preserved this ground for review.[1]
We reject the state's contention that the defendant needed to make some further motion or objection. The 1974 amendment of La.C.Cr.P. art. 841 (quoted in footnote 1), which abolished the bill of exceptions, ended such additional requisite for preserving an issue for appellate review.
However, the subsequent cross-examination of the officer indicated that the defendant in fact knew the name of the confidential informant (Wilmer Dixon), the person who had brought the officer to the defendant. After the objection was overruled the accused's counsel cross-examined the officer as to Wilmer Dixon's presence at the scene, and as to Wilmer Dixon's actions in acting as the go-between between the defendant and the officer.
The record does not reflect that any effort was made by the accused to obtain Wilmer Dixon's presence at the trial. We are unable to ascribe prejudice to the ruling of the trial court in refusing to require the officer to reply to the question, under the circumstances shown.
Conclusion: The defendant finally contends that, by a combination of these *270 denials, he was unable adequately to prepare his defense and to obtain a fair trial. On the basis of the record of this appeal, no such prejudice is shown.
Accordingly, we affirm the conviction and sentence.
AFFIRMED.
NOTES
[1] I. As amended in 1974 La.C.Cr.P. art. 841 provides:

"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court and the grounds therefor.
"The requirement of an objection shall not apply to the court's ruling on any written motion." (Italics ours.)