357 So.2d 1132 (1978)
STATE of Louisiana
v.
Michael McCLOUD.
No. 61049.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*1133 Jerry A. Kirby, Kirby & Anzalone, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Stephanie W. Dawson, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant, charged with aggravated rape, was found guilty after trial by jury of forcible rape and sentenced to serve twenty years at hard labor. For reversal of his conviction and sentence defendant relies upon twelve assignments of error.[1] Finding no reversible error we affirm.
ASSIGNMENT OF ERROR NO. 1
In this assignment defendant claims the trial court erred in denying his motion for a *1134 preliminary examination which had been filed approximately four weeks before the grand jury indicted him. When the motion came up for hearing after the return of the grand jury indictment, the trial court declined to hear it on the ground that probable cause to charge the defendant had been determined by the grand jury.
A preliminary examination is designed primarily to determine whether probable cause exists to charge the accused. When a valid indictment is returned by a properly constituted grand jury, the existence of probable cause is conclusively presumed. Absent a showing that the failure to afford defendant a preliminary examination resulted in specific prejudice leading to an unfair trial, the issue becomes moot after a verdict of conviction is rendered. State v. Redfud, 325 So.2d 595 (La.1976); State v. Pesson, 256 La. 201, 235 So.2d 568 (1970).
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 2 AND 3
In assignment of error number two defendant complains of the trial court's initial refusal to set bail prior to trial and that when a bail hearing was actually held it was not heard until immediately before the first trial of this case.[2] It is well settled that on appeal after conviction these issues become moot. Defendant's appropriate avenue for review was to invoke this Court's supervisory jurisdiction at the time bail was denied. State v. Passman, 345 So.2d 874 (La.1977); State v. Jones, 332 So.2d 267 (La.1976); La.C.Cr.P. art. 322.
In assignment of error number three defendant contends the trial court erred in refusing to allow him a free transcript of the bail hearing held prior to the first trial in this case which ended in a mistrial. Defendant argues the transcript should be made available as of right for the purpose of aiding in the trial. There is no such authority requiring the State to furnish defendant a transcript of a bail hearing solely for this purpose.
Absent a showing of specific prejudice leading to an unfair trial, these assignments lack merit.
ASSIGNMENTS OF ERROR NOS. 4 AND 5
In these assignments defendant contends two police officers were allowed to testify that he exercised his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that from such testimony the jury could adversely infer guilt.
In oral statements to two police officers defendant initially denied that he knew the victim. Upon further questioning the defendant admitted he had sexual intercourse with the victim but contended it was with her consent. After agreeing to give a recorded statement the defendant requested the presence of an attorney and the interrogation ceased. A recorded statement was never obtained.
During a conference held out of the presence of the jury defense counsel and the prosecuting attorney agreed that the officers would be permitted to testify that a recorded statement was not obtained from the defendant but that defendant's request for an attorney would not be mentioned. The record is unclear as to whether defense counsel agreed or objected to testimony by the officers that the defendant did not desire to give a recorded statement.[3]
*1135 When the jury returned the officers fully related defendant's oral statements in their testimony. The officers did not mention that defendant requested the presence of an attorney. The witnesses testified in two separate instances, however, that defendant refused to repeat his oral statement so that it could be recorded. No objection was made by the defense on either of these occasions.
Under these circumstances the defendant's contention that this testimony was inadmissible and prejudicial is not reviewable after verdict because he failed to apprise the court of his objection and the grounds therefor. La.C.Cr.P. art. 841.
These assignments lack merit.
ASSIGNMENT OF ERROR NO. 6
Defendant contends the trial court erred in allowing the victim's mother to testify that her daughter told her she had been raped shortly after the incident because such testimony was inadmissible hearsay.
As we recently stated in State v. Elzie, 351 So.2d 1174 (La.1977):
"The statement of which defendant complains is certainly hearsay because it is the out of court, unsworn statement of a third person offered for the truth of its contents. State v. Jacobs, 344 So.2d 659 (La.1976); McCormick, Law of Evidence § 225 at 449 (Hornbook ed. 1954). But we have long recognized an exception to the hearsay rule allowing admission of the early complaints of rape victims. State v. Brown, 302 So.2d 290 (La.1974); State v. Hills, 241 La. 345, 129 So.2d 12 (1961). When there is no unexplained lapse of time between the rape and the victim's complaint, and when the utterance is spontaneous, the person to whom the complaint was made is allowed to repeat the complaint in court. McCormick, supra § 272 at 580; Weinstein's Evidence, § 803(2)[01] at 803-79."
Less than twenty minutes after the incident occurred, the victim, who was upset and nervous, related to her mother that she had been raped. The statement, which was made under the pressure of the rape and soon after its occurrence, was properly admissible.
This assignment lacks merit.
ASSIGNMENTS OF ERROR NOS. 10 AND 11
These assignments relate to remarks made by the prosecutor during his closing argument. In rebuttal argument the prosecutor referred to a statement made by defense counsel in his closing argument that rapes were being committed nightly in the victim's neighborhood. Defendant objected to the prosecutor's statement on the ground that there was no testimony to the effect that rapes were occurring nightly. The objection was overruled and forms the basis of assignment of error number ten. In his per curiam the trial judge stated that the remarks of the prosecutor were a response to statements made by defense counsel in his closing argument that the police had been investigating rapes daily and were within the scope of fair rebuttal argument. We find no error in this ruling. La.C.Cr.P. art. 774.
Assignment of error number eleven deals with the prosecutor's statement that the defendant did not initially admit to the police that he had a knife. Defendant objected to this statement on the basis that it was unsupported by the record. The record reveals that the defendant first told the police he did not know the victim and had not raped her. When he later admitted having intercourse he stated he had a knife. The remark made by the prosecutor was clearly supported by the record and falls *1136 within the proper scope of the closing argument. La.C.Cr.P. art. 774.
These assignments do not present reversible error.

ASSIGNMENT OF ERROR NO. 12
While the jury was deliberating defense counsel observed the jury foreman approach the bailiff and ask a question concerning whether the judge or jury would determine the sentence to be imposed in the event a responsive verdict was returned. After the reading of the jury's verdict of guilty of forcible rape, defense counsel moved for a mistrial on the basis of the foreman's conversation with the bailiff. At that point the trial court refused to accept the jury verdict and heard evidence concerning the conversation with the bailiff. The foreman testified that he spoke with the bailiff because the jury, which had decided against finding the defendant guilty as charged, wished to know who would determine the sentence if a responsive verdict were returned. He stated that the bailiff informed him the judge would determine the sentence but the conversation had no bearing on the verdict that was returned. The trial court took the motion for mistrial under advisement overnight. When court reconvened defense counsel withdrew his motion for mistrial and asked the court to accept the jury verdict so that his client would not be exposed to retrial for aggravated rape. Following the trial court's recordation of the jury verdict defense counsel filed a motion for a new trial on the basis of the foreman's conversation with the bailiff. The motion was denied. In his per curiam the trial judge stated defendant had waived his rights by allowing the jury verdict to be read before moving for mistrial and by subsequently withdrawing his motion and requesting that the jury verdict be accepted. By availing himself of the responsive verdict, the trial court reasoned, defendant could not then be heard to complain.
We agree. It was erroneous for the bailiff to answer the inquiry of the foreman since it is solely within the province of the court to give supplemental instructions. La.C.Cr.P. art. 808. However, defendant's knowledge of this alleged defect prior to verdict precludes him from gambling on the verdict and raising the defect in a motion for new trial. La.C.Cr.P. art. 851(4); State v. Martin, 316 So.2d 740 (La.1975).
This assignment does not present reversible error.
Accordingly, for the reasons assigned, defendant's conviction and sentence are affirmed.
NOTES
[1] We have examined assignments 7, 8 and 9 dealing with alleged improper cross-examination and find them to be without merit.
[2] The first trial held in this case ended in a mistrial.
[3] The following colloquy transpired between the prosecutor and defense counsel:

"[Prosecutor]: Why don't I do this; I think this kind of question, let me suggest, will avoid the entire problem; if I ask the officer what happened in the oral statement; rather than ask the officer and get an answer that he refused to testify further; and then ask the question, did you take a recorded statement from him; no; why; he did not want to give a recorded statement; and stop it right there. That's not exercising any rightsthat's not going to involve anything at all.
"[Defense Counsel]: I agree with Mr. [Prosecutor], if you just end it at that particular time, where, was there a recorded statement given; no, there wasn't; and then let it end at that. I don't see how it would hurt.
"[Prosecutor]: I think the jury is entitled to know that he refused to give a recorded statement. It's not the officers fault that no recorded statement was made.
"[Defense Counsel]: I won't make any inference to that at all. I tell you what I will do; I will ask him about the oral statement, why didn't they write it down, so you won't think I'm trying to pull anything on you."