449 So.2d 1158 (1984)
STATE of Louisiana, Appellee,
v.
Danny Michael WEEKS, Appellant.
No. 15970-KA.
Court of Appeal of Louisiana, Second Circuit.
April 30, 1984.
*1159 Johnston, Thornton & Hunter by W. Orie Hunter, III, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty. by Carey T. Schimpf and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE and JASPER E. JONES, JJ., and McCLENDON, J. Pro Tem.
McCLENDON, Judge Pro Tem.
This defendant was convicted of armed robbery of a teller in the Eastgate branch of the Bank of Commerce, Shreveport, Louisiana, and sentenced to 99 years at hard labor.
He appealed this conviction and filed five assignments of error in connection therewith.
On September 16, 1982, defendant entered the Eastgate branch of the bank and took $3,155 from teller Mary Dorsey at gun point.
This act took place in the presence of six witnesses in the bank.
The following morning at about 5:00 A.M., officers of the Lufkin, Texas, police department entered defendant's motel room in Lufkin with an arrest warrant and took him and his female companion into custody. They were asleep at the time the police entered the room.
This arrest came as the result of information furnished police by Louisiana authorities that defendant was armed and dangerous and may have abducted the female who was with him. Defendant was known to be carrying at least two weapons. One, a derringer pistol, was found on the nightstand beside the bed. The other, a .38 caliber pistol, was found in an attache case under the edge of the bed.
$700 in cash was found by one officer in the pants pocket of the female when he examined them before allowing her to put them on.
After his arrest and return to Shreveport, defendant was placed in a line-up where he was identified by all the witnesses except the teller.
Following the trial and conviction of armed robbery, defendant was sentenced to 99 years at hard labor.
The first assignment of error deals with the alleged error of the trial court in failing to suppress physical evidence at the trial of a motion to suppress.
The objectionable evidence was that taken by the Lufkin police officers in the motel room at the time defendant was arrested. Although they had an arrest warrant, they had no search warrant and defendant complains that to open the attache case containing the .38 caliber pistol was in direct violation of his constitutional rights.
We find that these officers were justified in searching for the weapons they had been informed defendant had in his possession and any others of which they had no prior information. This man was a known criminal, *1160 armed and considered dangerous. To arrest him and his female companion and make no effort to protect themselves and the public by finding and taking into their possession any weapons in the immediate area occupied by these persons would have been extremely foolish, dangerous and indicative of want of experience and training.
Search of the immediate vicinity incident to a lawful arrest is clearly permissible. State v. Barrett, 408 So.2d 903 (La.1981).
Defense counsel argued that the officers had no right to look any farther once the defendant and his female companion were handcuffed. This argument overlooks the fact that the only weapon visible at the time was the derringer. It was known that the robbery was committed with a silver revolver which was not in plain view of the officers and it was not known at all what other weapons defendant and his companion might have concealed in the motel room.
It is not at all unheard of for persons thought to be securely under arrest and properly restrained to somehow gain control of a situation and escape, injuring or killing the arresting or transporting officer.
Even if the trial court erred in failing to suppress some or all of the evidence obtained incident to defendant's arrest, it was harmless error in light of the overwhelming eyewitness evidence to the robbery and defendant's guilt. State v. Gibson, 391 So.2d 421 (La.1980).
The second assignment of error complains of the failure of the trial court to suppress the results of the line-up during which defendant was identified by the eyewitnesses present at the robbery.
Primarily, defendant complained that the line-up was unduly suggestive because none of the individuals used in the line-up with defendant was over 5 feet 6 inches tall, which focused attention on defendant who was over six feet in height.
This information appears to have been incorrect since Officer Lindsay of the Shreveport Police Department testified that the individuals in the line-up stated they were No. 1, 6 feet; Nos. 2 and 3, both 5 feet 10 inches, and No. 5, 5 feet 7 inches.
Additionally, defense counsel argued that one member of the line-up acted strangely during the line-up, making faces and moving his number card about, which would serve to eliminate him as a suspect.
A line-up can be suggestive if a sufficient resemblance of physical characteristics and features of persons in the line-up does not reasonably test the identification. State v. Robinson, 386 So.2d 1374 (La. 1980).
A trial judge's determination of the admissibility of an identification should be accorded great weight and will not be disturbed on appeal unless the evidence reveals an abuse of discretion. State v. Bickham, 404 So.2d 929 (La.1981).
This court finds no error in the trial court's ruling on this second assignment of error.
Assignment of Error No. 3 was taken to the failure of the trial court to grant defendant's motion for a mistrial based upon the prejudice created upon the jury by imposition of shackles upon the defendant during the trial.
Defense counsel's argument was that the impression conveyed to the jury was that of guilt despite the presumption of innocence with which every accused is clothed until conviction.
The record indicates that defendant had attempted one escape and information in the form of a rumor was circulating at Caddo Detention Center that defendant would try again at any time.
In the light of this and the existing "holds" on defendant from other jurisdictions for aggravated robbery, first degree murder, aggravated escape, aggravated armed robbery, and aggravated kidnapping, the trial court was justified in the security measures taken.
It should be noted that with the security the trial court also made every effort to *1161 avoid the possibility of the prejudice which might arise from the restraints by permitting defendant to remain seated when the jury was entering or leaving the courtroom, and further seeing that defendant was allowed to have a coat or jacket with which to cover the handcuffs as he sat in the courtroom.
It is within the sound discretion of the trial court to take those precautions necessary to maintain security during the trial of a criminal case, and the circumstances of the case will largely dictate the nature of the precautions to be taken.
We find no prejudice to defendant and no abuse of the trial court's discretion. State v. Clark, 325 So.2d 802 (La.1976).
Assignment of Error No. 4 claims that the evidence was insufficient to support the conviction.
We find the record to contain ample evidence of the strongest type to support defendant's guilt beyond a reasonable doubt and find this assignment to have no merit.
Assignment of Error No. 5, claiming that defendant's sentence is excessive, is also without merit.
The trial court's extensive reasons for sentencing, as found in the record, amply support the maximum hard labor sentence he gave defendant.
There were no mitigating circumstances that would have justified a lesser sentence.
Finding the assignments of error to be without merit, the conviction and sentence are affirmed.