588 So.2d 1338 (1991)
STATE of Louisiana, Appellee,
v.
David GRILLETTE, Appellant.
No. 22838-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1991.
*1339 S. Patrick Phillips, Bossier City, for appellant.
William J. Guste, Jr., Atty. Gen., Don M. Burkett, Dist. Atty., Charles B. Adams, Asst. Dist. Atty., for appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
HIGHTOWER, Judge.
A bill of information accused David Grillette of attempted second degree murder, LSA-R.S. 14:27 and 14:30.1; aggravated burglary, LSA-R.S. 14:60; and armed robbery, LSA-R.S. 14:64. A jury found him guilty as charged. In response to the three indicated offenses, the trial judge ordered defendant imprisoned at hard labor for, respectively, fifty years, thirty years, and ninety-nine years, with the latter term to be served without benefit of probation, parole or suspension of sentence, and with all three sentences to run concurrently.
*1340 Defendant now appeals. Finding his assignments of error without merit, we affirm the convictions and sentences.

FACTS
At about 11:30 p.m. on September 23, 1989, defendant and a companion went to the mobile home of 84-year-old Ed W. Hill, who lived alone near Stonewall, Louisiana. Knocking to awaken the elderly man whom he had known for eighteen years, defendant identified himself by name and stated that his father needed help. An automatic light illuminated the front of the trailer and enabled Mr. Hill to see the two people standing outside. When the resident opened the door, defendant asked for money. Mr. Hill replied that he had none and turned back inside. Suddenly, defendant struck his host in the head with such force that the victim's left eyeball ruptured, and he collapsed to the floor. [Authorities later found a large iron bar on the porch in front of the dwelling.]
Defendant then proceeded through the home, rummaging for items of property. Apparently, the other individual never actually entered the residence. When the victim moved at one point, defendant savagely beat him with the butt of a shotgun, causing multiple additional injuries. Finally, Mr. Hill feigned death until the two men decided to depart, taking from the aged citizen a pistol, a rifle, a TV set and his truck.
Mr. Hill eventually managed to move himself to his bed, where he continued to bleed throughout the night. After watching for his next-door neighbor to return home in the early morning, he crawled to the back entrance of her residence, where she found him and called the sheriff. The victim then identified defendant as his assailant, and police soon made an arrest.

DISCUSSION

Bail Increase
In his first assignment of error, defendant complains that the district court increased his bail at the beginning of trial. It is contended that action occurred without proper reason, caused immediate incarceration of the accused, and precluded him from effectively assisting his attorney in the defense.
Minutes reflect that at the end of the first day of jury selection, on its own motion, the court increased defendant's bail from $30,000 to $75,000 and ordered that he be provided medical treatment. The record and the briefs also indicate that he failed to appear upon the case being called earlier that date, although sometime later he reported with a "treated and released" note from the LSU Medical Center emergency room. Defense counsel apparently informed the judge that defendant had fallen and sustained injuries that morning.
Bail is "the security given by a person to assure his appearance before the proper court whenever required." LSA-C.Cr.P. Art. 311. The trial court is empowered on its own motion, for good cause, to increase or reduce the amount of bail. LSA-C.Cr.P. Art. 321(A). When a defendant is aggrieved by any bail ruling, the appropriate remedy lies in an application for supervisory review at that time. LSA-C.Cr.P. Art. 322; State v. McCloud, 357 So.2d 1132 (La.1978).
Here, defendant failed to invoke supervisory jurisdiction. Moreover, the cases cited by him do not assist his position. Instead, both State v. Bradford, 298 So.2d 781 (La.1974), appeal dismissed, 420 U.S. 915, 95 S.Ct. 1109, 43 L.Ed.2d 387 (1975), and State v. Cosey, 261 La. 550, 260 So.2d 620 (1972), support the proposition that pre-trial bail issues become moot after conviction and sentence.
In point of fact, however, notwithstanding defendant's vague contentions, the present record details no abuse of discretion by the district court. Additionally, beyond a statement in brief to the effect that he could have assisted in locating a "Bob Smith,"[1] whom he alleges to be the true perpetrator of the crime, defendant *1341 fails to demonstrate that the bail increase resulted in an unfair trial.
This assignment of error is moot.

Photographs and Surrebuttal
Assignments two and three concern the admission of four photographs into evidence during rebuttal, and the court's subsequent refusal to allow defendant surrebuttal concerning the items.
The controversy centers around a pane, which the four pictures depict as transparent, in the front door of Mr. Hill's mobile home. The victim testified that he knew his assailant's identity because he observed that individual through the door in question. Defendant's mother, a frequent visitor to the Hill residence, testified that a person could not see through the glass in question due to its opaque quality, that she had so noted a few days before trial, and that this circumstance had always existed to her best knowledge.
On rebuttal, without objection, Mr. Hill's youngest daughter identified four pictures taken during the trial and showing a clear window in the trailer door. She stated that sitting inside her father's home, she could look out the transparent pane and see anyone in the yard. Further, to her knowledge, the subject glass had always been clear. An officer-photographer testified that, as compared to the date of the crime, he did not recall the door appearing any different when he visited the home to take the photos.
Defendant cites State v. Smith, 400 So.2d 587 (La.1981), for the proposition that photographs are inadmissible when they do not accurately depict the scene as it existed at the time of the crime. We, of course, have no disagreement with that rule. However, photographs are admissible when shown to correctly portray the subject matter in question and to shed light on the matter before the court. State v. Walker, 540 So.2d 1059 (La.App. 2d Cir. 1989). Testimony, presented by the state, indicated the glass in the door to have remained basically the same throughout the period in question. Hence, the court properly admitted the four pictures, despite defense objections.
Next, defendant contends that the court erred in refusing surrebuttal regarding the photographs. Whether to allow such evidence, rebuttal of rebuttal, however, is clearly discretionary with the trial court. LSA-C.Cr.P. Art. 765(5).
In the present matter, defendant initially raised the question of window transparency during cross-examination. Further, during his own case, defendant's mother testified of the glass being translucent and stated that she had seen it just a few days before trial. Thus, the state properly presented rebuttal evidence concerning the condition of the pane. However, this refutation introduced no new issue which the defense needed to counter, but simply sought to discredit the defense witness, the mother. Hence, the trial court did not abuse its discretion by refusing surrebuttal.
These two assignments lack merit.

Sufficiency of the Evidence
In his fourth assignment of error, defendant complains that the evidence does not sufficiently support his conviction.
The criteria for evaluating such a claim is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that all the essential elements of the crime had been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984); State v. Chism, 436 So.2d 464 (La.1983); State v. Lard, 568 So.2d 629 (La.App. 2d Cir.1990). That standard, initially enunciated in Jackson and later codified as part of LSA-C.Cr.P. Art. 821, applies in cases involving both direct and circumstantial evidence. State v. Smith, 441 So.2d 739 (La.1983); State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984).
Defendant, who consistently denied being involved in the crimes, basically maintains that the victim mistakenly identified him. His argument relies heavily upon the fact that Mr. Hill erroneously identified defendant's girlfriend, Susan Smith, as the accomplice at the scene. Indeed, the day *1342 before the robbery, Mr. Hill gave Grillette and Ms. Smith a ride to Shreveport. Shortly after the offenses, the Stonewall resident apparently picked her out of a photographic lineup. At trial, however, the victim testified he did not give too much attention to the second person at his door, but that the individual had long hair.
Robert Smith testified that he accompanied defendant to the trailer home on the night of the incident.[2] The events he described generally corroborated the testimony of Mr. Hill. Moreover, although the very elderly and severely injured victim at times gave somewhat inconsistent statements, he always remained emphatically clear that defendant, whom he had known for eighteen years, was the person who attacked, beat and robbed him.
Essentially, this assignment questions the jury's determination of witness credibility. The jury accepted the testimony of Robert Smith and the victim regarding the identity of the perpetrator and rejected defendant's denial of involvement. The trier of fact is free to accept or reject, in whole or in part, the testimony of any witness, and is also in a unique position to assess credibility. State v. Trosclair, 443 So.2d 1098 (La.1983), cert. dismissed, 468 U.S. 1205, 104 S.Ct. 3593, 82 L.Ed.2d 889 (1984). It is not the function of an appellate court to reevaluate the credibility of witnesses and overturn the fact-trier's determination of guilt. State v. Reaves, 569 So.2d 650 (La.App. 2d Cir.1990), writ denied, 576 So.2d 25 (La.1991). Resolution of conflicting testimony is within the sound discretion of the trier of fact. State v. Bonnett, 524 So.2d 932 (La.App. 2d Cir. 1988), writ denied, 532 So.2d 148 (La.1988).
Certainly, a rational trier of fact, upon viewing the evidence in the light most favorable to the prosecution, could find that defendant participated in these crimes. Indeed, this jury so decided, finding defendant guilty beyond a reasonable doubt. Where the fact-trier has made a rational credibility determination, an appellate court should not disturb that conclusion on review. See State v. Mussall, 523 So.2d 1305 (La.1988).
This assignment lacks merit.

Excessive Sentence
Defendant's final assignment of error assails his sentences as constitutionally excessive. Not only did he receive the maximum imposable prison term for each of the three counts of the conviction, but also the 99-year period of incarceration for armed robbery is to be served without benefit of probation, parole or suspension of sentence. Of course, as previously stated, all of the sentences are to be served concurrently.
Defendant does not challenge the trial court's compliance with the requirements of LSA-C.Cr.P. Art. 894.1, and the record discloses careful consideration of the criteria set forth by that provision. Indeed, the sentencing judge entered comprehensive written reasons into the record.[3] Thus, we need only address whether the sentence imposed is too severe, given the circumstances of the case and the background of the defendant. For a discussion of the parameters of that review, see LSA-Const. Art. 1, § 20; State v. Barberousse, 480 So.2d 273 (La.1985); State v. Square, 433 So.2d 104 (La.1983); State v. Bonanno, 384 So.2d 355 (La.1980).
This 25-year-old defendant is a third felony offender, who has never married, has no children, is educated through *1343 the eleventh grade, and has a minimal work history of short-term employment. He violently attacked and brutally beat his 84-year-old victim, fracturing the bone in the orbit of the left eye, which ruptured, causing permanent and irreversible blindness and other injuries.
Generally, maximum penalties are reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983). Although obviously harsh, the present sentences appear warranted by the seriousness of the offenses, defendant's ample criminal history, his propensity for recidivism and the very severe injuries caused. See, e.g., State v. Douglas, 389 So.2d 1263 (La.1980); State v. Proctor, 354 So.2d 488 (La.1977); State v. Wright, 535 So.2d 765 (La.App. 2d Cir. 1988); State v. Weeks, 449 So.2d 1158 (La. App. 2d Cir.1984), all affirming maximum 99-year sentences for armed robbery. Similarly, note the affirmance of maximum 30-year sentences for aggravated burglary in State v. Howard, 414 So.2d 1210 (La. 1982); State v. Lambert, 550 So.2d 847 (La.App. 2d Cir.1989); State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.1987), writ denied, 512 So.2d 438 (La.1987), and State v. Bibbens, 525 So.2d 255 (La.App. 1st Cir. 1988). Likewise, see Proctor, supra, and State v. Washington, 550 So.2d 698 (La. App. 2d Cir.1989), both sustaining maximum 50-year sentences for attempted second degree murder.
Simply put, the record fails to reflect abuse of the trial court's wide discretion. Indeed, considering defendant's background and the consequences of his middle-of-the-night invasion of an elderly citizen's home, we view the sentences as well deserved.
This assignment is also without merit.

CONCLUSION
Accordingly, for the reasons stated, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Apparently, this is not the same Robert Smith, who testified against defendant at trial.
[2] In return for his agreement to testify, the state only charged Smith with burglary and unauthorized use of a movable, for which he understood a total sentence of 16 months would arise. Apparently, he is not related to Susan Smith.
[3] In brief, the defense challenges two of the court's factual findings in the reasons for sentence: first, that Hill did not know the person standing behind defendant on the porch, it being asserted that this ignored his earlier misidentification of Susan Smith as that party; and, second, that Hill received a blow from an "iron bar," it being claimed that there is no such evidence of record. We considered the former issue when dealing with sufficiency. As to the latter matter, we note that Hill testified he had been hit with an iron bar and that the police recovered such an instrument. Exhibit S-7, from the scene. However, these contentions properly challenge the evidence, not the severity of the sentence.