JjWHIPPLE, Judge.
This is an appeal by Gramerey Insurance Company from a judgment of the trial court denying Gramercy’s Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment. For the following reasons, we affirm.
PROCEDURAL HISTORY
On May 18, 1990, William F. Cuzick was arrested for simple burglary, and bond was set at $5,000.00.[1] On May 19, 1990, appellant, Gramerey Insurance Company, acting as surety, posted a $5,000.00 appearance bond for the release of defendant.
On September 4, 1990, defendant failed to appear in court. The trial court ordered the bond forfeited and issued a bench warrant for the arrest of defendant. On July 10, 1991, defendant appeared in court pursuant to an instanter subpoena, and the bench warrant was recalled. However, the trial court set a second bond in the amount of $18,-000.00. On August 6, 1991, Richard Watson, as personal surety, posted bond for the defendant in the amount of $18,000.00.
On December 4, 1991, defendant again failed to appear. Accordingly, the trial court ordered defendant’s bond forfeited and issued a bench warrant for his arrest. A bond forfeiture hearing was eventually held on April 20, 1992, at which defendant again did not appear. At the hearing, the trial court ordered that the bond be forfeited and that the previously issued bench warrant remain outstanding.
^Thereafter, a formal Bond Forfeiture Judgment was prepared by the clerk, order- *266 tag the forfeiture of the $5,000.00 bond posted by appellant, and notice of the judgment was sent to appellant. While the judgment and notice are not contained in the appeal record, in response to the judgment and notice, appellant filed a Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment. In its motion, appellant alleged that the posting of the second bond (iethe $18,000.00 bond by Watson) released appellant from any further liability on its $5,000.00 bond.
On June 25,1992, a hearing was conducted on appellant’s motion. Although counsel for appellant was present at the hearing, defendant again failed to appear. Prior to ruling on Gramercy’s motion, the trial court “order[ed] an additional bond forfeiture on the same $5,000.00 bond” because of defendant’s failure to appear.
Rejecting appellant’s claim that the second bond released Gramercy from its obligation under the first bond, the court denied the motion to set aside the bond forfeiture, stating that the $18,000.00 bond could be viewed as an additional bond and that appellant had “never been relieved.”
A judgment denying appellant’s Motion to Set Aside Judgment of Bond Forfeiture/Petition for Nullity of Judgment was signed on July 9, 1992. This appeal followed.
DISCUSSION
In its sole assignment of error, appellant contends that the trial court’s setting of a new bail amount and the posting of bond by Watson constituted a new bond, thereby releasing appellant from liability. We disagree.
In support of its claim that the $18,000.00 bond was a new bond (as opposed to an additional bond), appellant argues that “[t]he face of the bond which it posted is crossed through with a pen indicating that it has been canceled.” However, we are unable to discern from the record who placed the mark on the bond or for what purpose.
A person in custody charged with the commission of a non-capital offense has a right to bail before conviction. LSA-C.Cr.P. hart. 312. However, the trial court is authorized, on its own motion, to either “increase or reduce the amount of bail, or require new or additional security” for good cause. LSA-C.Cr.P. art. 321(A) (emphasis added); State v. Grillette, 588 So.2d 1338, 1340 (La.App. 2nd Cir.1991).
In the instant case, the trial court concluded that the second bond was an additional bond, a factual determination which shall not be disturbed on appeal unless manifestly erroneous. Stobart v. State Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Although appellant argues that the posting of an additional bond released it from its obligation on the original bond, appellant cites no legal authority or support in the record for this position, and we find none.
When a surety underwrites a bond, the surety guarantees that the defendant will be present at each stage of the proceeding and that he will submit to the orders of the court and not leave the state without permission of the court. LSA-C.Cr.P. art. 330. These obligations of the surety are extinguished only under certain circumstances.
Louisiana Code of Criminal Procedure article 330 provides that the bail undertaking ceases and the surety is relieved of all obligations under the bond upon conviction of the defendant and imposition of sentence or conditions of probation. A surety may also surrender a defendant to the officer charged with defendant’s detention at any time prior to forfeiture or within the time allowed by law for setting aside a judgment of bond forfeiture. LSA-C.Cr.P. art. 338. If proper procedures for the surrender of defendant are followed, the surety is exonerated from liability on its bail undertaking, and any judgment of forfeiture shall be set aside. LSA-C.Cr.P. art. 339.
Louisiana Code of Criminal Procedure article 343 provides that “[t]he court shall order the bail bond canceled when there is no further liability thereon.” The Official Revision Comment to that article states there is no further liability under the bond upon: (1) the death of the defendant prior to the appearance date, (2) uthe nolle prosequi of the *267 indictment, or (3) the conviction and sentencing of the defendant.
While the above listed conditions will have the effect of releasing a surety from its obligation under a bond, the mere posting of additional security is not one of the statutorily-created events which exonerate a surety from liability. Thus, the setting of an additional $18,000.00 appearance bond after defendant’s first failure to appear had no effect on the obligation appellant undertook on the original $5,000.00 bond.
Because defendant was not surrendered by appellant and none of the other aforementioned events which would have extinguished appellant’s obligation under the $5,000.00 bond have occurred, appellant was never released from its obligation on the $5,000.00 bond. Accordingly, the trial court properly denied appellant’s Motion to Set Aside the Judgment of Bond Forfeiture. For these reasons, the judgment of the trial court is affirmed at the cost of appellant, Gramercy Insurance Company.
AFFIRMED.

. The bill of information charging defendant with simple burglary was filed on July 18, 1990.